PRICE v. STATE.

Opinion delivered January 17, 1903.

1. INDICTMENT—FILING.—It is not ground of demurrer in a criminal case that the indictment was not filed.   (Page 181.)

2. CONTINUANCE—ABSENCE OF WITNESS.—Under Const. 1874, art. 2, § 10, providing that the accused shall enjoy the right "to be confronted with the witnesses against him," and "to have compulsory process for obtaining witnesses in his favor," it was error to refuse a continuance for the absence of a material witness, summoned by both sides, who resided within the court's jurisdiction but did not attend on account of sickness, although the court agreed to adjourn the case until the deposition of such witness could be taken.   (Page 182.)

3. CHANGE OF VENUE—CORROBORATING WITNESSES—CROSS EXAMINATION.—Where a petition for change of venue was corroborated by the affidavits of two witnesses, it was not error for the trial court to cross examine them as to the nature and sources of the information upon which they based their statement that the minds of the inhabitants of the district were so prejudiced against defendant that he could not obtain a fair trial.   (Page 182.)

4. CRIMINAL PROCEDURE—CONSOLIDATION OF CASES.—Where defendant was indicted for a felony, to-wit, assault with intent to kill, and for two misdemeanors growing out of such felony, to-wit, disturbing the peace and carrying a pistol, and it was agreed, on trial of the felony, that the two misdemeanors should be tried with the felony, defendant cannot on appeal object to such consolidation.   (Page 183.)

Appeal from Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

S. F. Lawrence, Evans & Brown, for appellant.

No venue is proved.   32 Ark. 179.   The bill of exceptions signed by the bystanders should be a part of the record.   Sand. & H. Dig. § 5849; 56 Ark. 594; 57 Ark. 1.   The demurrer to the indictment should have been sustained.   Sand. & H. Dig. § 2075; 33 Ark. 180; 24 Ark. 636; 31 Ark. 427; 33 Ark. 815; 54 Ark. 489.

The motion for continuance should have been granted. Sand. & H. Dig. §§ 2157-8, 5797; 50 Ark. 161; 57 Ark. 165. The court erred in admitting deposition of witness Mattie Rambo. Sand. & H. Dig. §§ 2952, 2113; Art. II, § 10, Const.; 57 Ark. 1; 24 S. W. 885. The change of venue should have been granted. 31 Ark. 35; 53 Ark. 212; Act Apr. 4, 1899; Acts 1899, 156. The indictment fails to show that it was filed in court. Sand. & H. Dig. § 2073; 35 Ark. 15.

*Geo. W. Murphy, Attorney General,* for appellee.

No bill of exceptions was ever presented to the court. 64 Ark. 597; 57 Ark. 1; 56 Ark. 494. The record presented and signed by bystanders is no bill of exceptions. Sand. & H. Dig. § 5849.

BUNN, C. J. This is an indictment for assault to kill and murder. Upon the trial it was suggested that two other indictments against the defendant were pending at the same time for misdemeanors growing out of the same circumstances as that of the felony, and it was agreed, in order to save time and costs, that the jury in the felony case might try the two misdemeanor cases also —one for disturbing the peace and the other for carrying a pistol. The jury rendered a verdict of one year in the penitentiary for the assault with intent, and for $5 for disturbing the peace, and for $50 for carrying a pistol, and three separate judgments were entered accordingly, as well as three separate records made, and the defendant appealed, his motion for new trial containing fourteen grounds being overruled. The objections were, for the most part, common to all the cases, and not confined to any one, the grounds for the controversy, however, having reference to the felony cases only.

There was, first, a demurrer to the indictment for assault with intent to kill and murder, but this appears to have been on the ground that the indictment had not been properly filed or not filed at all. This, if true, was not the subject of demurrer, and might have been corrected by order *nunc pro tunc* or other motion. The demurrer was properly overruled.

The next objection in order was the refusal of the court to grant the defendant a continuance on account of the absence of witness Mattie Rambo, who had been duly and in due time summoned to appear and testify, first, for the state and, secondly, for

the defendant, but who did not attend on account of extreme sickness. Witness resided within eight or ten miles of the place of trial and within the local jurisdiction of the court. It appears that defendant asked a continuance on account of the absence of this witness, stating the materiality of her testimony and complying with other requisites in his application, but the court overruled his motion. He then asked an attachment for the witness, which the court refused to grant, but ordered him to take the deposition of the witness, the prosecuting attorney agreeing to waive notice, etc., in order to enable the parties to take the deposition to be read on the trial on the following day. To this the defendant objected, claiming the right to be confronted by the witness, and to have compulsory process for her attendance. His objections were overruled. All exceptions were saved.

The testimony of the witness, as set forth in defendant's application for continuance, was very material to his defense. He appears to have used due diligence. The sickness of the witness was shown to be of a character not commonly fatal or of long duration. The defendant could not be compelled to take deposition by order of the court, and, on the contrary, had the right to be confronted by her on the trial as a witness for the state, and to have compulsory process for obtaining witness' testimony in his favor. Constitution of 1874, art. 2, § 10.

The fact that the witness was sick and unable to attend was not a circumstance to be made to work to the prejudice of the defendant. The state could better afford to suffer a continuance than to have one of her citizens deprived of evidence that might save him from a conviction of so grave a crime, and from so serious a punishment as incarceration in the penitentiary. While the subject of continuance is one over which the trial courts have a sound discretion, and their discretion will not be controlled except in cases where the discretion is abused, yet in the latter case this court will not hesitate to reverse. We think the defendant has been deprived of evidence, without any fault of his own, which might possibly have secured a verdict of acquittal. This being true, the trial court erred in not granting the continuance as asked.

Failing in securing a continuance, the defendant filed his application in due form, supported by the requisite number of affidavits, for a change of venue. Whereupon the trial court caused the two corroborating witnesses to be brought before it, and the

presiding judge cross-examined them as to their credibility as such witnesses. This was objected to by the defendant, on the ground that, while the trial court had the right to question these witnesses as to their qualifications and credibility as such, it had no authority to question them as to the nature and sources of the information upon which they based their statements that the inhabitants of the district were so prejudiced against him that the defendant could not obtain a fair trial.

It may happen, and does frequently happen, that the line of demarcation between evidence as to credibility and of sources of information is difficult to be observed. Therefore, it is necessary that the examination of such witnesses should be set forth in detail in the bill of exceptions. Otherwise, the appellate court must take the examination to have been made within the proper limits, and hold that the ruling of the trial court is correct. This is the status of this particular controversy, and under the rule we must hold that there was no error in this respect. A witness may be truthful and intelligent in the ordinary acceptance of these terms, and yet, on examination before the court, it may be made to appear that he has made his affidavit carelessly, without really possessing any definite and reasonable information as to the public feeling toward the defendant. Then the credibilty of the witness is involved, for there is little difference between the effect of false testimony and testimony recklessly given.

The defendant objects that the prosecuting attorney went out of the record, in his concluding argument, in stating that the grand jury had ignored the charge against prosecuting witness Harris, but that he had beeen convicted in the justice-of-the-peace court on that charge. It is not easy to see the prejudice in such a statement, but it cannot be too often repeated that the one great limitation of counsel on both sides is that they do not travel out of the record for the subject matter of their argument, and the presumption is indulged that this objection will not have to be made on a new trial of this cause.

The defendant objects to the consolidation of the cases into one trial. It appears that the indictment for assault with intent was called, and at the time there were two other indictments pending against the defendant for acts done in connection with the assault, each amounting to an offense, to-wit, disturbing the peace and carrying a pistol, and that the evidence in the felony case in-

cluded the acts constituting the two misdemeanors, when, upon a suggestion to avoid unnecessary delay and expense, as we infer, it was agreed between the prosecuting attorney and defendant that the same jury called and sworn to try the felony case might try the two misdemeanors, which it accordingly did, returning separate verdicts on each indictment, and all against the defendant.

Without saying anything more as to this kind of procedure, we only state here that, as to the misdemeanor cases, many things are the subjects of consent that cannot be assented to in felony cases, and that the consent in this matter pertained to the misdemeanor cases, and since the trial of them in this case was had by the consent of both parties, the defendant is estopped from raising an objection on that account merely. This is not meant, however, to restrict the defendant so as to deprive him of the right to make objection to the errors of the trial court, in the course of the consolidated procedure, but he is bound by his agreement to have the three tried by the same jury.

These objections were all properly made and embodied in the motion for new trial. The bill of exceptions recites that there were no exceptions by either party to the testimony or instructions of the court, and there appears no other reversible errors than this one.

The evidence of the absent witness, Mattie Rambo, set forth in the application for continuance, seems to have no relevancy to the misdemeanor cases.

For the error named, the judgment in the case for assault with intent is reversed, and the cause remanded for a new trial.