DUCKWORTH *v.* STATE.

Opinion delivered October 29, 1906.

1. CHANGE OF VENUE—CREDIBILITY OF AFFIANTS.—It was not an abuse of discretion to deny a petition for change of venue where the supporting affidavits alleging prejudice in the minds of the inhabitants of the county were made by persons who had been only in a few places in the county, and did not know the persons from whom they heard expressions of opinion or where they lived. (Page 361.)

2. INSTRUCTIONS—CONSTRUCTION AS A WHOLE.—The giving of an instruction can not be assigned as error if, taken in connection with other instructions given, it substantially states the law. (Page 362.)

Appeal from Ashley Circuit Court; *Z. T. Wood,* Judge; affirmed.

*George & Butler,* for appellant.

1. Appellant having moved for a change of venue and having strictly complied with the statute, he became entitled to the change as a matter of right; and, since the supporting witnesses are unimpeached, and showed a knowledge of the condition of the minds of the inhabitants of the county, it was arbitrary to deny the application. 68 Ark. 466; 25 Ark. 445.

2. The court erred in its charge as to murder in the first degree. 11 Ark. 445; 51 Ark. 189. Though the courts have said that "it is not necessary that the intention to kill should have been formed or have existed for any long period of time; but if the intention to kill was formed or existed at the moment of the killing it is sufficient," yet this court has construed this language to apply to murder in the second degree, and not to murder in the first degree. 36 Ark. 127; 13 Ark. 317; 45 Ark. 281.

3. If guilty at all, appellant is, under the facts appearing in evidence, guilty of no higher grade than murder in the second degree. 70 Ark. 610; *Ib.* 272; 64 Ark. 431; 25 Ark. 405; 49 Ark. 543; 62 Ark. 543.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

1. The trial court has the right to examine the witnesses supporting a petition for change of venue and to pass upon their

credibility. 54 Ark. 243. There was no abuse of discretion in this instance.

2. The elements going to make up murder in the first degree are fully covered by the instruction objected to. 51 Ark. 193.

3. The evidence fully warrants the verdict.

BATTLE, J. On the 21st. day of August, 1906, the grand jury of Ashley County indicted Lum Duckworth for murder in the first degree, committed on the 6th day of January, 1906, by killing Thomas Howie. He moved for a change of venue, alleging that the minds of the inhabitants of Ashley County were so prejudiced against him that he could not obtain a fair and impartial trial. His application was supported by his affidavit and by the affidavits of Milton Owen and Decatur Williams. On the motion of the prosecuting attorney these persons were sworn and examined touching their knowledge as to the minds of the inhabitants of Ashley County being prejudiced against the defendant. The application was denied. He was tried and convicted of murder in the first degree; and he appealed.

He insists that he should have a new trial because the court overruled his application for a change of venue.

The statutes provide: "Any criminal cause pending in any circuit court may be removed by the order of such court, or by the judge thereof in vacation, to the circuit court of another county, whenever it shall appear, in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial can not be had therein. Such order of removal shall be made on the application of the defendant by petition setting forth the facts, verified by affidavit, if reasonable notice of the application be given to the attorney for the State, and the truth of the allegations in such petition be supported by the affidavits of two credible persons who are qualified electors, actual residents of the county, and not related to the defendants in any way." Kirby's Digest, § § 2317, 2318.

In *Jackson* v. *State,* 54 Ark. 243, and *Price* v. *State,* 71 Ark. 180, it was held that such persons may be sworn and orally examined in open court as to the nature and sources of their information upon which they based their affidavits, in order to ascer-

tain their credibility. That was done in this case. The examination developed the fact that they had been only in a few places in the county along the railroad, and did not know the persons from whom they heard expressions of opinion, or where they resided, and that their information was not sufficient to form an opinion as to the state of the minds of the inhabitants as to the defendant; that they swore recklessly, and were not credible.

The court instructed the jury in part, as follows: "All murder which shall be perpetrated by means of poison or by lying in wait, or by any other kind of willful, *deliberate, malicious and premeditated* killing shall be deemed murder in the first degree." And instructed them over the objections of the defendant as follows:

"You are instructed that, although you may believe from the evidence that sometime prior to the killing the deceased assaulted the defendant, and knocked him down with a rifle, and punched him with a rifle, and kicked him, yet, if you further believe that after said assault the deceased and the defendant walked together for some distance, and sufficient time had elapsed for defendant's passion to subside, and that, while they were so walking together, the deceased passed the defendant, and the defendant deliberately drew a pistol and shot deceased and killed him with malice aforethought and with the intent in his mind at the time to take the life of the deceased, while deceased was riding from him and making no demonstrations, this would be murder in the first degree, and you should so find."

The defendant's objection to this instruction is that it is not a correct statement of what is necessary to constitute murder in the first degree. To convict the defendant of murder in the first degree under it, it was necessary for the jury to find that a sufficient length of time had elapsed for his passion to subside— cooling time—and that thereafter he deliberately drew a pistol and shot deceased and killed him—deliberation—with malice aforethought, and with the intent in his mind at the time, at the time of the deliberate shooting, to take the life of the deceased—premeditation—in other words, must find deliberation, malice aforethought, and premeditation. In this connection the court instructed the jury, at the instance of the defendant as follows:

"No. 7.   You are instructed that manslaughter is the unlawful killing of a human being without malice, either express or implied; that manslaughter must be voluntary upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible; and if you believe from the evidence in this case that the deceased assaulted him with a rifle, or punched him with a rifle, or kicked and cursed him in such a manner as would be apparently sufficient to arouse in the defendant such passion, and that it did arouse such passion in him, and that while in this condition, and before a sufficient length of time had elapsed for his passion to cool, he shot and killed the deceased unlawfully and without justification, he is not guilty either of murder in the first or second degree, but is guilty of voluntary manslaughter only, and by your verdict you should so find."

Construed in connection with the other instructions, the instruction objected to is substantially correct.

The evidence was sufficient to sustain the verdict.

Judgment affirmed.