WHITE *v.* STATE.

Opinion delivered May 13, 1907.

1. VENUE—CHANGE OF—CREDIBILITY OF AFFIANTS.—It was not an abuse of discretion to refuse a petition for change of venue supported by the affidavits of four affiants where, on examination of such affiants in court, it appeared that three of them based their opinions on statements of people living in one or two localities in the county. and that their information was not sufficient to form an opinion, and that they were not credible, the statute (Kirby's Digest, § 2318)

requiring the petition to be supported by the affidavits of two credible persons.   (Page 38.)

2.  FORGERY—MATERIALITY OF ALTERATION.—Where a school warrant directing the payment of "thirty ($30.00) dollars" was altered so as to read: "thirty ($38.00) dollars," and the figures in the margin were likewise changed from "$30.00" to "$38.00," the alteration was calculated to mislead, and was material.   (Page 38.)

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; affirmed.

*W. N. Carpenter* and *H. A. Parker,* for appellant.

1.  The motion for change of venue should have been sustained.

2.  The evidence is clear that there was no alteration; but, if made, it was not material.   When an amount is clearly stated in writing, the writing governs.   18 So. 514.

*Wm. F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

1.  It was no abuse of discretion in the trial court to deny the motion for change of venue.   The examination of the witnesses whose affidavits supported the motion disclosed that they had no really definite information as to the public feeling toward the defendant.   71 Ark. 183; 76 Ark. 276; 54 Ark. 243.

2.  The alteration in this case, although of the figures only, was material.   The intent of the drawer prevails where it can be ascertained; and the fact that in this warrant the figures were made to read 38 instead of 30 in two places would strongly tend to persuade even a very careful man that the directors intended to pay the holder that amount.   23 S. W. 195; 64 Ga. 448.

BATTLE, J.   G. B. White was indicted by the county of Arkansas, at the April, 1906, term of the Arkansas Circuit Court, for forgery and for uttering a forged instrument.   He petitioned for a change of venue on the ground that the minds of the inhabitants of Arkansas County were so prejudiced against him that he could not obtain a fair and impartial trial therein.   The motion was supported by the affidavits of four persons.   To ascertain whether they were credible, the court caused them to be examined under oath touching their knowledge of the sub-

ject-matter of their affidavits. This examination showed that the affidavits of three of the affiants were based on expressions of opinion by people living in one or two localities in the county, and that their information was not sufficient to form an opinion as to the state of the minds of the inhabitants as to the defendant; and that they swore recklessly in making the affidavits, and were not credible. If it be conceded that the other affiant was credible, his affidavit was not sufficient to support the petition of the defendant, as the affidavits of two credible persons were required by the statute.

The statute provides that the allegations of a petition for change of venue of a criminal cause must be supported by the affidavits of two credible persons, who are qualified electors, actual residents of the county, and not related to the defendant in any way. Kirby's Digest, § § 2317, 2318. But it does not provide how it shall be shown that the affiants are credible persons. This is left to the court to determine. This court has repeatedly held that this may be done by examination of such persons in court touching their knowledge as to what they have sworn. *Jackson* v. *State,* 54 Ark. 243; *Price* v. *State,* 71 Ark. 180, 183; *Maxey* v. *State,* 76 Ark. 76; *Duckworth* v. *State,* 80 Ark. 360.

The court in this case found that the petition was not supported by the affidavits of two credible persons, and denied the change of venue; and, we find, committed no reversible error in doing so.

The defendant was tried and convicted of uttering a forged instrument. The instrument was as follows:

"No. 13 District School Fund, District No. 40.

"Treasurer of Arkansas County, Arkansas:

"Pay to G. B. White, or order, the sum of thirty ($38.00) dollars, for teaching school, out of the public fund.

"38.00.                    W. W. Davidson,

"W. M. Miller, Directors."

The instrument as written had, instead of $38.00, $30.00, and, instead of $38.00 on the left-hand lower corner, $30.00. It was altered after it was executed, so as to read as copied above. Was this change such a material alteration as was apparently

capable of effecting a fraud? As a general rule, the writing prevails when there is a discrepancy between it and the figures in the instrument, but the intent of the maker governs when it appears in the writing. In this case the figures were changed to read 38 instead of 30, in two places, in the body of the instrument in a material part, and in the margin in the left and lower corner. This repetition tended to convince that it was no mistake, but intentional, and that the writing failed to indicate the amount intended, and was calculated to mislead, as it did in this case.

The evidence sustained the verdict of the jury.

Judgment affirmed.