### WILLIAMS *v.* STATE.

### Opinion delivered March 25, 1912.

2.   APPEAL AND ERROR—NECESSITY OF OBJECTION TO EVIDENCE.—Where evidence was received in the trial court without objection, its legality or competency can not be questioned on appeal.   (Page 73.)

3.   VENUE—PETITION FOR CHANGE OF—CREDIBILITY OF AFFIANTS.— Affiants who gave testimony in support of a motion for change of venue are not "credible persons," within Kirby's Digest, section 2318, where, on oral examination, they showed that they had only been in a few locali-ties in the county, and that their information was not sufficient to form an opinion as to the state of minds of the inhabitants generally of the county as to the defendant.   (Page 73.)

4.   INSTRUCTION—DEFENSE OF ALIBI—REASONABLE DOUBT.—It was proper in a felony case to instruct the jury that where the evidence adduced to prove an alibi, considered with all the other evidence in the case, was sufficient to create in the minds of the jury a reasonable doubt as to the

defendant's guilt, it was the duty of the jury to acquit him. (Page 74.)

5. INSTRUCTIONS—REPETITION.—It is not prejudicial error to refuse a requested instruction where the court has elsewhere correctly given substantially the declaration of the law thus requested. (Page 75.)

6. INDICTMENT—ALLEGATION OF TIME.—Although the indictment charges that defendant had carnal knowledge of the prosecutrix in the county within three years next before a date mentioned, a conviction will be sustained by proof that the crime was committed by defendant at any time within three years next before the finding of the indictment. (Page 76.)

7. CARNAL ABUSE—EVIDENCE.—In a prosecution for carnal abuse, testimony of the prosecutrix as to what occurred and was said by and between her and the defendant was admissible to show the relation and familiarity of the parties, their disposition and antecedent conduct towards each other, and as corroborative of the testimony of the prosecutrix. (Page 78.)

Appeal from Pope Circuit Court; *Hugh Basham*, Judge; affirmed.

*U. L. Meade* and *J. T. Bullock*, for appellant.

1. When the defendant in a criminal case complies with the statutes governing changes of venue, he makes out a *prima facie* showing entitling him to a change of venue, and the State's only defense to such motion is to attack the credibility of the supporting witnesses. It is not open to the court to examine other witnesses touching the conditions of the minds of the inhabitants of the county relative to the defendant's guilt or innocence, nor to arbitrarily refuse the change of venue because it believes the defendant can obtain a fair and impartial trial in the county. Kirby's Dig., §§ 2317, 2318; 68 Ark. 466; 36 Ark. 286; 54 Ark. 243; 71 Ark. 180.

2. Appellant was entitled to an instruction on the question of alibi, and the court erred in refusing to charge the jury that unless they should find from the evidence that he had sexual intercourse with prosecutrix on the day she testified he had such intercourse they should acquit. The court also erred in modifying instruction 6 requested by appellant by striking out the last sentence. 55 Ark. 244; 46 Ark. 141; 39 O. St. 215; Bishop, Crim. Proc. § 1066; Wharton, Crim. Ev. § 333; 59 Ark. 379; 69 Ark. 177; 70 Ark. 337; 12 Cyc. 620, and cases cited; *Id.* 654.

3. The testimony of the prosecuting witness of acts and

conduct and improper relations between herself and appellant subsequent to the date of the crime as charged and testified to by her was improperly admitted. 2 Wharton, Crim. Law, (8 ed.) §§ 1733 and 1744; 91 Ark. 559; 54 Ark. 626; 16 Okla. 197; 8 Am. & Eng. Ann. Cases, 457.

*Hal L. Norwood*, Attorney General and *William H. Rector,* Assistant, for appellee.

1. There was no error nor abuse of discretion in overruling the motion for change of venue. It was but a mode adopted by appellant to obtain a continuance, and the court would have been justified in denying the motion on the testimony of the supporting witnesses alone. As to the testimony introduced by the State on the hearing of the motion, no objection was made by appellant at the time, and he ought not to be heard to object now. 95 Ark. 239; 85 Ark. 518; 83 Ark. 336; 80 Ark. 360; 76 Ark. 276; 86 Ark. 357; 91 Ark. 65; 54 Ark. 243; 71 Ark. 180.

2. If it was error to strike out the last part of instruction 6 requested by appellant, that error was cured by the giving of instruction 2.

3. The court properly admitted testimony of acts, conduct and improper relations between appellant and the prosecuting witness subsequent to the date of the crime for which conviction was asked. 126 Wis. 447; 112 Tenn. 578; 139 Cal. 527; 133 Cal. 11; 99 Ia. 1; 87 Pac. 185; 172 Mo. 532; 72 Neb. 915; 117 Ia. 484; 5 Neb. 283; 39 Wash. 599; 68 Ia. 416; 115 Ia. 178; 14 Mass. 285; 95 Ind. 464; 96 Ind. 505; 52 Ala. 24; 168 Ill. 395; 72 Me. 531; 121 N. C. 551; 101 Mass. 111; 85 Wis. 615; 112 Wis. 496; 1 Wharton, Crim. Ev. § 35.

HART, J. Albert Williams was indicted, tried and convicted before a jury of the crime of carnally knowing Lena Linker, a female under the age of sixteen years. To reverse the judgment of conviction, he has duly prosecuted an appeal to this court.

1. His first assignment of error is that the court erred in overruling his motion for a change of venue. His petition was in statutory form, and was supported by the affidavits of C. K. Campbell, J. D. Waits and G. P. Wheeler. To ascertain

whether or not they were credible persons within the meaning of the statute, the court caused J. D. Waits and G. P. Wheeler to be examined under oath, touching their knowledge of the subject-matter of their affidavits. Their examination showed that they had only been in a few localities in the county, and that their information was not sufficient to form an opinion as to the state of the minds of the inhabitants generally of the county as to the defendant. It was also developed that one of their chief motives in making their affidavits was to secure a continuance for the defendant, in order that he might secure the attendance of an absent witness. Other witnesses were examined by the court, whose testimony tended to show that the minds of the inhabitants of the county were not prejudiced against the defendant.

In the case of *Strong* v. *State*, 85 Ark. 536, it was held: "Kirby's Digest, § 2318, providing that a change of venue in a criminal case may be granted upon the application of the defendant supported by the affidavits of two credible persons, does not contemplate that the truth or falsity of the affidavits shall be inquired into, though the credibility of the affiants may be investigated." Hence it was error for the court to have admitted the testimony of the other witnesses as to the state of mind of the inhabitants of the county for or against the defendant.

It does not appear, however, by the record, that the evidence received by the court was objected to in the court below, and, according to the well-settled rule of practice in this State, its legality or competency can not be questioned on appeal. *Burris* v. *State*, 38 Ark. 221.

While the accused had the right to insist that only competent evidence should be introduced against him on the hearing of his petition for a change of venue, yet he might waive that right, and did waive it, by his failure to interpose an objection to the testimony.

The examination of Waits and Wheeler showed that they had only been in a few localities in the county, and that their information was not sufficient to form an opinion as to the state of the minds of the inhabitants generally of the county as to the defendant. Besides, they stated that the chief reason that they made the affidavits was because they wished to secure

a continuance for the defendant. Doctor Campbell was not examined, but, if it be conceded that he was a credible person within the meaning of the statute, yet his affidavit was not sufficient to support the petition of the defendant, as the statute requires the affidavits of two credible persons, and we are of the opinion that the court did not abuse its discretion in refusing the petition of the defendant for a change of venue, on the ground that the other two affiants did not have sufficient information to form an opinion as to the state of minds of the inhabitants of the county as to the defendant, and consequently were not "credible persons," within the meaning of the statute. *Price* v. *State*, 71 Ark. 180; *Duckworth* v. *State*, 80 Ark. 360; *White* v. *State*, 83 Ark. 36; *Kinslow* v. *State*, 85 Ark. 518.

2.   It is next contended by counsel for the defendant that the court erred in modifying instruction No. 6, requested by defendant. The instruction as requested is as follows:

"6.   You are instructed that if from the evidence you only have testimony as to one act of intercourse between prosecutrix and defendant in Pope County, Arkansas, that defendant may establish his innocence by proving that he was not at the place at the time when it is alleged the crime was committed. To establish his innocence under such circumstances, the burden of proof is on him by a preponderance of the testimony to establish what is called an alibi. That is, the evidence introduced to establish such an alibi must outweigh in your minds the evidence tending to show his presence at the place when the crime is claimed to have been committed. And if you believe from the evidence that he was not at such place when it is said that the crime was committed, then you should return the defendant not guilty. Or, if you have a reasonable doubt as to whether or not he was there, then you may consider that evidence with all the other evidence in the whole case; and if you have a reasonable doubt upon considering all the evidence, it is your duty to acquit."

The modification consisted in striking from the instruction the latter part, as follows: "Or, if you have a reasonable doubt as to whether or not he was there, then you may consider that evidence with all the other evidence in the whole case;

and if you have a reasonable doubt upon considering all the evidence, it is your duty to acquit."

It is conceded by the Attorney General that the part stricken from the instruction is the law, and might properly have been given for the jury. *Blankenship* v. *State,* 55 Ark. 244; *Ware* v. *State,* 59 Ark. 379; *Rayburn* v. *State,* 69 Ark. 177; and *Allen* v. *State,* 70 Ark. 337.

The Attorney General however contends that instruction No. 6, as modified and given, taken in connection with instruction No. 2, given by the court, cures any error in the elimination of the last sentence in instruction No. 6, as requested. Instruction No. 2, referred to, is as follows: "He starts out in the trial with the presumption of innocence in his favor, and that follows him throughout the trial or until the evidence convinces you of his guilt beyond a reasonable doubt. If, on a fair consideration of the whole testimony, you have a reasonable doubt as to his guilt or innocence, you will acquit the defendant." We think the contention of the Attorney General is well taken. The instructions, when read and considered together, in effect, told the jury, that where the evidence adduced to prove an alibi, considered with all the other evidence in the case, was sufficient to create in the minds of the jury a reasonable doubt as to the defendant's guilt, it was the duty of the jury to acquit him. Therefore, the error of the court in modifying the instruction was eliminated, and no prejudice resulted to the defendant. It is well settled that this court only reverses for errors that are prejudicial to the rights of the defendant.

3. It is next contended by counsel for defendant that the court erred in refusing to give the following instruction: "No. 7. You are instructed that if you believe from the evidence that defendant was not at the home of prosecutrix at the time testified to by her, but that he was at another place at the time when she says he had intercourse with her, then your verdict will be in favor of the defendant, and you will return him not guilty."

It will be noticed that instruction No. 6, copied above, covers substantially the propositions requested in instruction No. 7, and it is well settled in this State that it is not prejudicial error to refuse a requested instruction where the court

has elsewhere correctly given substantially the declaration of the law thus requested.

4. It is next insisted by counsel for the defendant that the court erred in refusing to give instruction No. 8, which is as follows: "Before you can find the defendant guilty, you must be convinced beyond a reasonable doubt that defendant had carnal knowledge with prosecutrix in Pope County, Arkansas, on the 2d day of August, 1911."

The court refused to give the instruction as asked, but gave it in a modified form as follows: "Before you can find the defendant guilty, you must find that defendant had carnal knowledge with the prosecutrix in Pope County, Arkansas, within three years next before the 7th day of November, 1911." There was no error in the action of the court in so modifying the instruction. The jury might have believed that the defendant did have carnal knowledge of the prosecuting witness within three years next before the finding of the indictment, and yet might not have believed that it happened on the 2d day of August, 1911. It is true the prosecuting witness testified positively that it did occur on this date, but the jury might have believed that she was mistaken as to the date, but was not mistaken as to the actual fact of the sexual intercourse. Moreover, the substance of this instruction was given to the jury in instruction No. 6, copied above. There the court told the jury that the defendant might establish his innocence by proving that he was not at the place at the time when it was alleged the crime was committed.

5. Lena Linker, the prosecuting witness, testified substantially as follows:

"I was fifteen years of age on July 12, 1911. I lived with my parents near the town of Dover, in Pope County, Arkansas, and the defendant lived about a quarter of a mile west from our home. I had known him about a year before he had sexual intercourse with me. I had worked at his house at various times when his wife was sick. Defendant made love to me, and I had learned to love him. When the opportunity presented itself, he would embrace and kiss me. On the 2d day of August, 1911, he came to my parents' home some time during the afternoon, and had sexual intercourse with me. In the next day or two I met him again, and he

urged me to leave there with him. He said that we would leave the State, and after he could obtain a divorce from his wife that he would marry me. I promised to go with him, and agreed to meet him a few nights thereafter about 10 o'clock, near my parents' home. I thought the matter over, and concluded I had better not go with him, but I did go out to meet him as agreed upon. He urged me to go with him, and I agreed to go, but asked that I might go back home and get my clothes. I was in my nightgown, and he urged me to go as I was. So I got in the buggy with him and we drove that night through the southern part of Pope County into Yell County. The next day he bought me some clothes. We then went on to Fort Smith, and from there into the State of Oklahoma. I stayed there a few days and returned to Russellville, Arkansas, where I met my parents at the home of my uncle. The defendant had told me not to tell my parents that I had been away with him, and I at first started to do so. I found out that they knew I had not been to Fort Smith to visit my aunt, where I started to tell them I had been, so I told them the whole truth about my trip." On cross examination the prosecuting witness testified that she had intercourse with the defendant on the 2d day of August, 1911, after the mail hack had passed her parents' home, and that the mail hack passed there about 3 or 4 o'clock in the afternoon. She stated she was positive that the intercourse took place on the 2d day of August, 1911, because it occurred the next day after the Farmers' Union picnic, and that was advertised to take place on the 1st day of August, 1911.

The parents of the prosecuting witness testified that she was only fifteen years of age on the 2d day of August, 1911.

The defendant testified substantially as follows: "On the 2d day of August, 1911, I went to a game of baseball near the town of Dover, and stayed there until 4 o'clock or afterwards. I then went to the town of Dover, and did not return home until a little after dark. I never had sexual intercourse with the prosecuting witness on that day or on any other day." On cross examination, he admitted that the prosecuting witness went with him from his home to the State of Oklahoma, and that the route they traveled was substantially that detailed by the prosecuting witness. He denies,

however, that he persuaded her to go with him, but states that she met him and insisted on going with him. He states that she got in the buggy, and, as he expresses it, "being in her night clothes, how could a man put her out of the buggy?" The defendant was thirty-one years of age. He introduced numerous other witnesses who testified that he was at the ball game on the 2d day of August, 1911, and remained there until 4 o'clock or afterwards.

The defendant objected to the testimony of Lena Linker relative to what occurred and what was said by and between the defendant and the prosecuting witness outside of Pope County, and duly saved his exceptions to the action of the court in admitting said testimony. His counsel now insists that the action of the court in this regard was a reversible error, but we can not agree with his contention. In crimes involving illicit sexual intercourse, evidence of a commission of similar crimes by the same parties prior to the offense charged is received for the purpose of showing inclination, and some courts support the view that in a prosecution for carnal abuse evidence of sexual intercourse between the parties taking place after a particular act charged may be introduced on the same grounds as acts occurring prior to the particular act; but, under the state of the record in the present case, it is not necessary to determine this question. The court did not admit evidence of subsequent acts of illicit intercourse between the parties. The testimony in question was not introduced for the purpose of proving a substantive crime, but to show the relation and familiarity of the parties, their disposition and antecedent conduct towards each other, and as corroborative of the testimony of the prosecuting witness touching the crime charged in the indictment. It showed the intimacy of the parties, and was admissible as characterizing the previous acts and conduct of the parties in regard to the particular offense charged. *State* v. *Forsythe*, 99 Ia. 1; *Crane* v. *People*, 168 Ill. 395; *Thayer* v. *Thayer*, 101 Mass. 111; *State* v. *Witham*, 72 Me. 531; *People* v. *Elco*, 131 Mich. 519.

6. The next assignment of error is as to certain remarks of the prosecuting attorney during the progress of the examination of the prosecuting witness. We do not deem it necessary to set out these remarks at length. We think it sufficient to

say that we have carefully examined the record in regard to them, and can not see how there was anything in them that was prejudicial to the rights of the defendant.

The judgment will be affirmed.