### BERRY v. STATE.

Opinion delivered September 25, 1922.

INDICTMENT AND INFORMATION—FILING IN OPEN COURT—DEMURRER.— The objection that an indictment failed to show that it was filed in open court in the presence of the grand jury cannot be reached by demurrer; the proper remedy being a motion to quash the indictment.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Patterson & Ragon,* for appellant.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried, and convicted in the Pope Circuit Court, for the crime of selling and being interested in the sale of intoxicating liquor. The indictment was returned at the November, 1921, term of court. At the succeeding April, 1922, term of court, appellant filed a demurrer to the indictment on the ground that the record failed to show it was filed in the manner prescribed by law, that is, in open court and in the presence of the grand jury of said county. The demurrer was filed on the tenth day of said month and on the same day was overruled by the court, over the objection and ex-

ception of appellant. On the succeeding day appellant was tried, convicted, and adjudged to serve a term of one year in the State Penitentiary, from which judgment is this appeal.

The only assignment of error, based upon the record in the case is that the indictment failed to show that it was filed in open court, in the presence of the grand jury, during the session of said court. The defect complained of could not be reached by demurrer. The proper remedy was by a motion to set aside or quash the indictment. *State* v. *Brandon*, 28 Ark. 411; *Robinson* v. *State*, 33 Ark. 182; *Price* v. *State*, 71 Ark. 180.

No error appearing in the record, the judgment is affirmed.