## WARD *v.* STATE.

Opinion delivered December 8, 1900.

VENUE—PETITION FOR CHANGE—PRACTICE.—It is error arbitrarily to refuse to grant a change of venue asked by defendant, upon the ground that the court knows that defendant can get a fair and impartial trial in the county. (Page 467.)

Appeal from Lee Circuit Court.

HANCE N. HUTTON, Judge.

*Fletcher Roleson* and *McCulloch & McCulloch*, for appellant.

The defendant's motion for a change of venue being in due form, as prescribed by act April 4, 1899, it was error for the court to overrule it without hearing evidence touching the credibility of the supporting affiants.    25 Ark. 445; 54 Ark. 243.

*Jeff Davis*, Attorney General, and *Chas. Jacobson*, for appellee.

RIDDICK, J.    The defendant in this case was indicted and convicted of the crime of grand larceny, and sentenced to be imprisoned in the state penitentiary for a term of three years. Before the trial of the case he made an application for a change of venue on the ground that the minds of the inhabitants of Lee county were so prejudiced against him that a fair and impartial trial of this cause could not be had in that county. Both the petition for a change of venue and the supporting affidavits made by two witnesses are in proper form, and set out the facts required by the statute in order to obtain a change of venue.    The record recites that when the petition for a change of venue came on for hearing the prosecuting attorney asked leave of the court to call upon the witness stand the two supporting witnesses to the petition, for the purpose of examining them in order to determine their credibility, but the presiding judge declined to permit this, and stated that it was unnecessary, as he knew that the defendant could get a fair and impartial trial in Lee county, and that he would not permit two persons to come into court and recklessly swear to the contrary, The court thereupon overruled the petition for a change of venue, and the defendant excepted.

The attorney general has on this point filed a written confession of error, on the ground that this was "an arbitrary refusal of the court to grant a change of venue on a proper showing.    We are of the opinion that this confession of error should be sustained.    The defendant made affidavit to the facts set out in his petition, and the allegations of his petition were supported by the affidavits of two persons, who make oath that they are qualified electors and actual residents of Lee county, and not related to the defendant in any way.    It is true that the prosecuting attorney offered to show that these affiants

were not credible persons, as required by the statute, but the presiding judge refused to allow this, on the ground that he knew that the facts stated in the affidavits were not true.   But the presiding judge was not a witness, and this knowledge that he possessed was not evidence.   As there is nothing in the record to contradict the facts stated in the petition and in the supporting affidavits, we must take it that the witnesses were credible, and the facts stated true.

For the error confessed the judgment is reversed, and a new trial granted, with an order to permit the prosecuting attorney to introduce .evidence touching the credibility of the supporting witnesses.