GODDARD *v*. STATE.

Opinion delivered March 24, 1906.

1. JUDGMENT—AMENDMENT.—The rule that a court has authority, upon any competent and legal evidence, to amend its records so as to speak the truth is applied in criminal as well as civil cases. (Page 227.)

2. CONTINUANCE—DISCRETION OF TRIAL COURT.—Where the transcript in a murder case shows that a physician made an affidavit, in support of a motion for continuance, to the effect that defendant had sustained

a buckshot wound, from which he suffered great bodily pain, and that he was in no fit condition for a trial, the discretion of the trial court in refusing a continuance will not be interfered with where the court found that "defendant walked some 14 miles after receiving the buck-shot wound; that after he was put in jail he walked to the doctor's office, some two blocks, until after the special term of court was called, and that he had no fever at the time his case was called." (Page 228.)

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*W. F. Nichols* and *B. E. Isbell,* for appellant.

1. The court erred in refusing to postpone the trial until the defendant was in physical condition to prepare for it. Where the defendant is too ill for trial, he is entitled to a continuance. Clark's Crim. Proc. 412. Likewise if his counsel becomes ill and can not attend the trial. 26 S. W. 60.

2. The record does not disclose that the jurors selected and impaneled to try the case were sworn as required by law. Kirby's Digest, § 2373; 25 Ark. 106; 37 Ark. 61; 34 Ark. 257; 45 Ark. 146. Such error appearing on the face of the record, it was not necessary to set it out as one of the grounds in motion for new trial. 26 Ark. 536; 25 Ark. 662; 46 Ark. 21; 61 Ark. 35.

*Robert L. Rogers, Attorney General,* for appellee.

1. Since continuances are addressed to the sound discretion of the trial judge, and since in this instance he had the prisoner before him and was familiar with all the circumstances, his action ought not to be disturbed.

2. The record, corrected by certiorari, shows that the jury were properly sworn.

RIDDICK, J. The defendant, D. T. Goddard, was indicted, tried and convicted of murder in the first degree for killing one Ed Ward by shooting him with a gun, on the 17th day of May, 1905, in Sevier County, Arkansas.

The brief filed for defendant presents only two questions: One of these was based on the fact that the record failed to show that the jury before which defendant was tried was sworn as the law requires. But the record has since been amended so as to show that the jury were properly sworn. The circuit court at a subsequent term heard the testimony of the jurors who tried the case and of other parties at the trial, and found from this testimony that the jury had been duly sworn as the law requires,

and amended its record accordingly so as to speak the truth. Counsel for defendant contend with much force that it was improper to amend the record in that way on oral evidence alone. But, while there is conflict in the decisions of the different States on that point, the rule is established in this State that a court has authority to amend its records so as to make them speak the truth as to what was done, and may do so upon any competent and legal evidence. There is no difference between criminal and civil cases in the power of courts to amend their records so as to reflect the facts. *Freel* v. *State,* 21 Ark. 213; *Binns* v. *State,* 35 Ark. 118; *Sweeny* v. *State,* 35 Ark. 586; *Ward* v. *Magness,* 75 Ark. 12; *Liddell* v. *Bodenheimer. post,* p. 364; In re *Black,* 52 Kansas, 64, s. c. 39 Am. St. Rep. 331; In re *Wight,* 134 U. S. 136.

The other question is whether the court erred in refusing to grant a continuance on account of the physical condition of the defendant. The affidavit of the physician tended to show that defendant had sustained a buckshot wound, from which he suffered great bodily pain, and that he was in no fit condition for a trial. So far as the record shows, this affidavit was all the evidence introduced at the trial of the motion for continuance. But the court found that "defendant walked some 14 miles after receiving the buckshot wound; that after he was put in jail he walked to the doctor's office, some two blocks, until after the special term of court was called; that he had no fever at the time his case was called." The court therefore found that defendant was physically and mentally able to undergo the ordeal of the trial, and he overruled the motion for continuance. Continuances, especially those based on the physical condition of the defendant at the time of the application therefor, are addressed largely to the discretion of the trial court. This must necessarily be so, for that court has the defendant before it in person, and can to some extent judge from his personal appearance whether his physical condition is such as to enable him to stand the ordeal of a trial. But this means which the trial court has of determining the defendant's physical condition can not be preserved in the record except in a very imperfect way. No attempt is made in this record to state what the appearance of the defendant was at that time.

further than it is shown by the affidavit of the physician and the finding of the court. If the condition of the defendant was such as described by the physician, we think the case should have been continued, for it would have been unnecessary, and more or less cruel, to put a defendant on trial for his life while he was suffering great pain from a dangerous wound, and when his chance of recovery would be jeopardized by the trial. But his testimony, as it appears from the record, seems very full and clear, and it does not appear that his condition was unfavorably affected by the trial. The findings of the court show that the court was of the opinion that he had no fever, and was able to undergo the trial without prejudice to his legal right to a fair trial and without jeopardizing his health.

While the affidavit made by the physician raises some doubt in our minds of the propriety of overruling this motion for continuance, we do not feel sufficiently convinced to overturn the judgment of the trial court on that point.

The State made out a strong case against the defendant. On the day of the tragedy Ward was engaged in hauling lumber, and the road along which he had to travel led by the field where the defendant was at work. There had been some ill feeling between them by reason of the fact that Ward, so defendant testified, had accused defendant's son, a small boy, of taking an axe belonging to Ward.

Defendant, on the day of the killing, took his gun with him to the field near which he knew that Ward would pass. No one was present at the time of the shooting except these two. According to defendant's own statement, he stood inside of his field and shot Ward, who was on the outside of the fence, because Ward used an abusive epithet and started to throw a rock at him. He shot Ward twice, and the trail of blood showed that Ward staggered a few steps, fell and died. Defendant ran off, and remained in hiding until captured.

We think the evidence shows clearly that he was guilty of some degree of unlawful homicide, and is sufficient to sustain the verdict for the highest degree.

While, as before stated, we are not fully convinced that the court should not have granted the continuance, we do not think that we would be justified in setting this conviction aside and

granting a new trial on that account, for we do not see that any prejudice resulted to the defendant from being tried at that time.

Judgment affirmed.