BRYANT *v.* STATE.

Opinion delivered May 30, 1910.

1. VENUE—WHEN CHANGE OF, PROPERLY DENIED.—Where a petition for a change of venue in a criminal case, assigning as ground that the

minds of the inhabitants of the county were prejudiced, was corroborated by four witnesses, three of whom showed that their information as to the minds of the inhabitants of the county was too limited to enable them to form an opinion, and that they swore recklessly, and where the other witness was not a qualified elector of the county, it was not error to deny the petition.   (Page 241.)

2.  HOMICIDE—EVIDENCE—CHARACTER OF DECEDENT.—Where a witness for the defense in a murder case swore to the effect that the decedent was aggressive, quick to take offense and to resent it with unnecessary force, it was not error to permit the State to prove in rebuttal the general reputation of the decedent for being a quiet, peaceable citizen. · (Page 241.)

3.  APPEAL AND ERROR—BRINGING UP REJECTED TESTIMONY.—The refusal to permit the introduction of certain writings in evidence will not be considered if the record does not show what the writings contained. (Page 241.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*U. S. Bratton* and *Garner Fraser,* for appellant.

Defendant was entitled to a change of venue. 85 Ark. 518; 83 Ark. 36; 71 Ark. 180; 54 Ark. 247.  A party producing a witness cannot impeach him if he is not an indispensable witness. Kirby's Dig., § 3137.  Malice aforethought means the dictate of a wicked, depraved and malignant heart.  49 N. H. 399.    Unless the character of deceased is attacked, the prosecution can not prove his peaceableness.  37 Ala. 103; 96 Ky. 212; 28 S. W. 500; 1 Whart. Crim. Law., 549.  The character of deceased is not in issue in murder.  51 N. C. 381; 67 Cal. 223; 7 Pac. 643; 13 Kan. 414; 43 La. Ann. 541; 9 So. 493; 34 Tex. Crim. 161; 29 S. W. 1074; 21 Gratt. 909; 8 Wash. 292; 36 Pac. 139, 75 Ark. 299.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

Unless exception was saved to the alleged error, and that exception preserved in the motion for a new trial, it is deemed waived.  77 Ark. 418; 73 Ark. 455; 30 Ark. 337; 43 Ark. 391; 39 Ark. 221.  Where, on a motion for a change of venue, the examination of the supporting witnesses shows that they do not know the general consensus of opinion of the people in the county, it is not error to overrule the motion.  85 Ark. 518; 83 Ark. 336; 76 Ark. 276; 80 Ark. 360; 121 S. W. 925; 54

Ark. 243; 71 Ark. 180. This court can not say whether the court erred in excluding the notices as evidence, since they are not preserved in the bill of exceptions. 36 Ark. 484; *Id.* 74; *Id.* 653; 70 Ark. 364. Evidence showing that deceased was a peaceable man was competent. 75 Ala. 351; 77 Ala. 18; Whart. on Homicide, § 207; 153 Ind. 375; 75 Ark. 299.

BATTLE, J. The grand jury of White County indicted Will Bryant for murder in the first degree. He was convicted of murder in the second degree, and his punishment was assessed at seven years in the penitentiary; and he appealed.

He moved for a change of venue on the ground that the minds of the inhabitants of White County were so prejudiced against him that he could not get a fair and impartial trial in that county. His motion was corroborated by the affidavits of four witnesses. To test their credibility they were examined under oath. The testimony of three of them showed that their information as to the minds of the inhabitants was too limited to enable them to form an opinion, and that they swore recklessly, and in this case was not credible. The other was not a qualified elector of the county, as required by the statute. The court committed no error in overruling the motion. *Kinslow* v. *State,* 85 Ark. 518; *White* v. *State,* 83 Ark. 36; *Duckworth* v. *State,* 80 Ark. 360; *Maxey* v. *State,* 76 Ark. 276; *Price* v. *State,* 71 Ark. 180; *Jackson* v. *State,* 54 Ark. 243.

On cross examination of Mrs. Minta Potter, the widow of the man killed, the witness testified that the deceased "was quick to get mad and fight, and he was a brave man, and would fight at the drop of a hat." The State by many witnesses proved in rebuttal that the general reputation of the deceased for being a quiet, peaceable citizen was good. The appellant contends that the court erred in admitting it. It was only admissible for the purpose of sustaining the reputation of the deceased after it had been attacked. In this case the evidence adduced by the defendant on cross examination tended to prove that the deceased was aggressive, quick to take offense, and resent it with force unnecessarily. The evidence adduced by the State was admissible to remove such impression. Wharton on Homicide (3 ed.), § 269, and cases cited.

The court refused to allow the defendant to read as evidence certain notices. The contents of the notices were not

shown, and we are unable to determine whether the court committed a reversible error in excluding them.

The evidence was sufficient to sustain the verdict in this court.

Judgment affirmed.