## FORD *v.* STATE.

Opinion delivered March 6, 1911.

1. VENUE, CHANGE OF—DISCRETION OF COURT.—An order of the circuit court overruling a motion for a change of venue is conclusive on appeal unless it appears that the court abused its discretion. (Page 141.)

2. SAME—WHEN COURT'S DISCRETION ABUSED.—Where, on a petition for a change of venue in a criminal case, it appears from the affidavits and testimony of witnesses who appear to be acquainted throughout the county that defendants can not obtain a fair trial in the county, it was an abuse of discretion to deny the change. (Page 141.)

Appeal from Sevier Circuit Court; *Jeff T. Cowling,* Judge; reversed.

STATEMENT BY THE COURT.

John R. Ford and Lelia Ford were indicted for the crime of murder in the first degree, charged to have been committed by killing W. F. Nichols. The views we shall hereinafter express render it unnecessary to make a detailed statement of the facts and circumstances attending the killing. It is sufficient to state that John R. Ford and Lelia Ford are husband and wife, and were at the time of the killing. They were tenants of W. F. Nichols, and lived on his farm near Lockesburg in Sevier County, Arkansas. The testimony on the part of the State shows that for some time prior to the killing there existed ill feeling on the part of the defendants toward the deceased; that the killing occurred soon after dark on September 30, 1910, near the house where the Fords lived. The Fords came out of their house, and began to quarrel with Nichols about letting down the fence and driving through one of his fields, which they had rented. The killing was done by J. R. Ford cutting or stabbing Nichols with a barlow knife.

The defendant filed a motion for a change of venue, which was overruled by the court. The trial resulted in a verdict of guilty, and the defendants were sentenced to death. They have duly prosecuted an appeal to this court.

*Spriggs & Hardison* (of Oklahoma), for appellant.

1. It was error to refuse a change of venue. Kirby's Dig. § 2317; 54 Ark. 243; 25 *Id*. 444. The supporting affidavits were sufficient. Kirby's Digest, § 2318. 36 Ark. 286 and 54 Ark. 245 do not apply in this cause.

2. The evidence does not show murder. Kirby's Digest, § 1761; 37 Ark 238; 40 *Id*. 511. Premeditation must be shown. 36 Ark. 127.

3. Instruction No. 19 is not the law. 29 Ark. 248.

4. If one assails another with insulting words and blows and without the use of a weapon, and the assailed, without attempting to evade the fight, kills with a deadly weapon, he is only guilty of manslaughter. 16 Ark. 568.

*Hal L. Norwood*, Attorney General, and *Wm. H. Rector*, Assistant, for appellee.

1. The motion for change of venue was properly overruled. (1) It does not appear that the statute was complied with relative to giving notice to the State's attorney and (2) an examination shows the supporting witnesses swore recklessly and without real knowledge of the facts. Kirby's Digest, § 2318; 76 Ark. 206; 85 Ark. 518; 83 *Id.* 336; 80 *Id.* 360; 76 *Id.* 276; 86 *Id.* 357; 91 *Id.* 65; 1 Wigmore on Ev. § § 105, 108.

2. The instructions were correct.

3. No error in refusal to grant new trial on account of affidavits of Glevis and Blackstock. 72 Ark. 158.

HART, J., (after stating the facts). The counsel for the defendants first assign as error the action of the court in overruling their motion for a change of venue. They petitioned for a change of venue on the ground that the minds of the inhabitants of Sevier County were so prejudiced against them that they could not obtain a fair and impartial trial therein.

The petition was supported by the affidavits of six persons. The court examined the affiants orally to test their credibility. This it had a right to do to ascertain whether they had sworn falsely or recklessly without sufficient information as to the state of mind of the inhabitants of the county as to the defendants. In such cases the order of the court overruling the motion for a change of venue is conclusive on appeal unless it appears that the court abused its discretion. *Bryant* v. *State,* 95 Ark. 239, and cases cited; *White* v. *State,* 83 Ark. 36; *Duckworth* v. *State,* 80 Ark. 360.

There are numerous decisions of this court upon this question, all of which are cited in the case of *Bryant* v. *State,* and the rule announced above is recognized in each of them. The proper application of the rule, however, depends upon the particular facts of each case. Where the examination of the affiants shows that their affidavits were based upon expressions of opinion by people in only one or two localities, or only in a few places in the county, as in the White and Duckworth cases, *supra,* and the trial court denies the motion for a change of venue, this court has held that there was no abuse of discretion. In the case at bar, however, the facts are essentially different. H. H. Darnell, one of the affiants, testified that he had lived in Sevier County for 11 years, and had lived in De Queen, the county seat, since the time

of the killing; that he had peddled all over the county, and was acquainted with people all over the county; that he had heard expressions from parties from De Queen, Lockesburg, Browns-town, Ben Lomond, and various other places; and that from these expressions he did not believe the defendants could obtain a fair and impartial trial.

H. H. Hunter in his affidavit swore that he had heard the case discussed by citizens from different portions of Sevier County, and from what he had heard in said discussions the defendants could not obtain a fair and impartial trial therein. In his oral examination before the court, he testified that he had lived at Gilham about 13 months; that it is about 25 miles from the scene of the killing, which was near Lockesburg; that he was born in the county, moved out of it, returned and had been living in it for the past ten or twelve years; that he knew a good many people scattered over the county; that people from all the township surrounding Gilham go there to trade and sell their cotton; that he believed the people had heard too much, had formed opinions, and that the defendants could not obtain a fair and impartial trial in the county, and that he based his opinion on the expressions of people from various parts of the county.

Their oral examination appears in the record in the form of questions and answers, and for that reason is too long to be set out *in extenso*. They were qualified electors, and were not of kin to the defendants. Their examination shows them to be impartial and to be endeavoring to tell the truth. They were acquainted with the people throughout the county, and the expressions of opinion they had heard were not confined to people in a few localities. While they remember the names of but few people they heard talking about the case, this is natural unless they had gone about for the express purpose of finding out the sentiment of the people in regard to the matter, or had been directly interested in the result of the case.

From the affidavits of these two persons, taken in connection with the facts and circumstances detailed by them in their oral examination before the court, we think it fairly deducible that the defendants could not at that time obtain a fair and impartial trial in Sevier County, and we hold that the court abused its discretion in overruling the motion for a change of venue.

With much force counsel for defendants urge that the evidence is not sufficient to support the verdict; but we refrain from passing upon that question for the reason that upon a new trial other evidence may be introduced.

Objections are also urged to certain instructions given; but the instructions complained of are instructions based upon a concrete application of the law to the evidence; and, in as much as they may be given in a different form on a new trial, to be applied to the evidence as it then exists, we do not deem it advisable to discuss them.

For the error in refusing to grant a change of venue, the judgment is reversed, and the cause remanded for a new trial.