## MORRIS *v.* STATE.

### Opinion delivered March 4, 1912

1. BANKS AND BANKING—RECEIVING DEPOSITS AFTER INSOLVENCY.—An
   indictment of the president of an incorporated bank for receiving de-
   posits when he knew that the bank was insolvent was sufficient where
   it alleged that he knowingly and feloniously did accept and receive on
   deposit in said bank, a corporation doing a banking business, from a
   certain person a sum named, the bank being then and there insolvent
   and the said defendant being president thereof, well knowing at the
   time he accepted and received the money that said bank was insolvent.
   (Page 515.)

2. SAME—SUFFICIENCY OF INDICTMENT.—An indictment of a bank presi-
   dent for receiving deposits after he knew that the bank was insolvent,
   which designates him as president of the bank, is sufficient to show
   that he was an officer of the bank. (Page 515.)

3. SAME—RECEIVING DEPOSITS AFTER INSOLVENCY.—Under Kirby's Di-
   gest, section 1814, forbidding any officer of the bank to receive or ac-
   cept deposits after the bank is insolvent, the words "receive" and
   "accept" are synonymous, and intended to describe but one offense.
   (Page 515.)

4. CONTINUANCE—DISCRETION OF COURT.—Where, in a felony trial, a
   continuance was asked on the ground that, in the opinion of his phy-
   sicians, defendant's physical condition was such that the excitement of
   a trial might result fatally, but the court refused the continuance, and
   it does not appear that any prejudice resulted to the defendant, no
   abuse of the court's discretion is shown. (Page 516.)

5. BANKS AND BANKING—RECEIVING MONEY AFTER INSOLVENCY—VARI-
   ANCE.—Where indictment of a bank officer for receiving money after
   insolvency of the bank alleged the receipt of "one hundred dollars in
   gold, silver and paper money, current money in the State of Arkansas,"
   proof that defendant received eleven dollars of the amount charged in
   currency and the residue in checks is not a variance, as proof of receiv-
   ing any amount in currency was sufficient.   (Page 517.)

Appeal from Washington Circuit Court; *J. S. Maples.*
Judge; affirmed.

*R. F. Forrest,* for appellant.

1. In view of the mental and physical condition of
appellant as set up in the motion for a continuance and sup-
ported by the testimony of medical experts, the court abused
its discretion in overruling the motion.   23 Ark. 34.

2. The statute under which the indictment is drawn is
a criminal statute and must be strictly construed.   No case
can be brought within its provisions unless it is within both the
letter and spirit of the law.   The demurrer to the indictment
should have been sustained.   91 Ark. 1; Lewis, Sutherland,
Stat. Con. 456-9; 415-25; 38 Ark. 519; 53 Ark. 334; 29 Ark.
68; 43 Ark. 93; 154 Ind. 443.

The indictment is bad for duplicity.   The statute is dis-
junctive, creating and for the punishment of two offenses, (1)
receiving and (2) accepting the deposit.   The two offenses
should be charged in separate counts.   134 Mo. 238-243;
Kirby's Digest, § 2230; 48 Ark. 94; 45 Ark. 62.

*Hal L. Norwood,* Attorney General, and *William H. Rector,*
Assistant, for appellee.

1. An examination of the testimony supporting the mo-
tion for continuance shows that there was no abuse of dis-
cretion in overruling the motion; and this fact is made clearer
by an examination of appellant's testimony given at the trial,
from which it appears that he was fully competent, mentally,
to cope with the situation.

2. The indictment is sufficient.   It is identical in form
with that in *Davey* v. *State,* 99 Ark. 547.

WOOD, J.   Appellant was convicted under section 1814
of Kirby's Digest of the crime of accepting and receiving on
deposit money at the Bank of Siloam, of which he was presi-

dent, after the said bank had become insolvent, and he appeals to this court.

The indictment charges, in substance, that he "knowingly and feloniously did accept and receive on deposit in said Bank of Siloam, a corporation doing a banking business, from M. E. Gaither the sum of one hundred dollars in gold, silver and paper money, current money, the bank being then and there insolvent and the said R. S. Morris being the president of said bank, well knowing at the time he accepted and received the money on deposit that the Bank of Siloam was insolvent."

Excepting the name of the defendant and the amount alleged to have been received, the indictment was precisely the same in form as that approved by this court in *Davey* v. *State*, 99 Ark. 547.

A corporation can only act through its agents. The allegations of the indictment were sufficient to charge that the bank had received and accepted the deposit while insolvent, and that the appellant, who was president of the bank, and who acted for it in receiving and accepting the money on deposit, knew at the time the bank was insolvent, and therefore violated the provisions of the statute in thus accepting the money on deposit.

It was unnecessary for the indictment to charge in specific terms that appellant was an officer of the bank. He was designated in the indictment as president of the bank, which was sufficient to show that he was an officer of the bank. The allegations of the indictment were amply sufficient to show that the bank, through its duly constituted agent, accepted and received the deposit, being at the time insolvent, and that the appellant, being at the time president, and therefore an officer of the bank, and knowing of its insolvency, accepted and received the deposit. Everything necessary to constitute the offense charged was stated.

The appellant was indicted as principal offender, and not as an accessory, under the terms of the statute.

The terms "accept" and "receive" as used in the statute are synonymous, and are intended to describe but one offense. The indictment shows that it was returned by the grand jury of Benton County, and that it was filed in open court. The indictment was in the form prescribed by section 2244 of

Kirby's Digest, and was both in form and substance a valid indictment, as held in *Davey* v. *State, supra.*

The appellant filed a motion for continuance in due form, setting up, in substance, that he was in no condition, either mentally or physically, to undergo a trial. He showed that he was seventy-four years of age, and that, about eighteen months prior to August 6, 1910, he had suffered a stroke of paralysis which had incapacitated him for the transaction of business, and that about the first of November, 1910, he suffered a stroke of apoplexy; that by reason of these afflictions he was under the treatment of physicians who advised that a trial at that time, with "its necessary attendant mental and physical strain upon a charge of felony, would tend to end fatally." He supports his motion with the affidavits of several physicians, to the effect that on account of the mental and physical condition of the appellant, brought about by the afflictions indicated, "the excitement of a trial might bring about a recurrence of the ailment, which might end in immediate death," and that in the opinion of these physicians "he was unable to attend court or to testify as a witness."

The motion was also supported by the affidavit of appellant's counsel, in which he sets up, among other things, that from November 1, 1910, to about February 15, 1911, he, as appellant's counsel was warned by the physicians not to talk or communicate with appellant "as his physical and mental condition would not permit such consultation as was necessary for the preparation of his defense in the case of a felony;" that, by reason of appellant's infirmities and the restriction placed upon him and his counsel by his advising and consulting physicians, "appellant had not had reason enough to appreciate his peril or act advisedly with counsel in suggesting such facts as "would break the force of the prosecuting evidence," and had not been able "to adduce such exculpatory proof as his case would warrant."

Motions for continuance are addressed to the sound discretion of the court, and such discretion will not be controlled unless it appears that it was abused. The appellant was a witness in his own behalf at the trial, and his testimony, as set out in the abstract of the Attorney General, does not disclose any inherent weakness or indicate that the appellant was in

any manner incapacitated as a witness by reason of his age or the physical infirmities described by his counsel and physicians. His evidence does not, upon its face, give any indication that appellant was laboring under any physical or mental disability.

Counsel, in his affidavit, did not set forth any material evidence of which he was deprived by reason of the mental and physical infirmity of his client, nor show specifically wherein his client was unable to give him specific information that would be useful in the preparation for and in the conduct of his defense.

The affidavits of the physicians, after setting forth the nature of his ailments, simply expressed the opinion that the appellant was unable, on account of his infirmities, to testify as a witness, and that to do so would endanger his life. But appellant did testify as a witness, and went through the ordeal of a trial, and it does not appear that his life was endangered thereby, thus showing that the apprehension of the physicians was erroneous.

While it occurs to us that the trial court might very appropriately, under the circumstances, have granted the continuance, yet we can not say that his refusal to do so resulted in any prejudice to the appellant, and therefore it was not an abuse of the court's discretion, and was not such an error as should reverse the judgment.

The indictment alleged that "the sum of one hundred dollars in gold, silver and paper money, current money in the State of Arkansas, of the value of one hundred dollars," etc., was accepted and received. The testimony shows that eleven dollars of the amount charged was in currency and the residue was in checks. The amount received was evidenced by the deposit slip, showing the sum of eleven dollars in currency and the balance in checks. The appellant objected to the introduction of the deposit slip and to the testimony tending to show that the deposit consisted of checks instead of currency, and he now contends that there was a fatal variance on this account between the allegtions of the indictment and the proof. The contention is not sound. The proof was sufficient to show that eleven dollars in currency were accepted and received, and checks representing the balance of the amount alleged were received. The offense, under the statute, was

complete if the appellant knowingly received any amount of money, and it was proved by evidence tending to show that he received the sum of eleven dollars in currency. It was wholly unnecessary to show that he received the full amount charged in order to sustain a conviction; proof of any amount was sufficient.

We deem it unnecessary to set out the evidence. After careful consideration, we are of the opinion that it is amply sufficient to sustain the verdict. No objection is urged here to the instructions of the court. We assume, therefore, that they were correct.

Finding no reversible error, the judgment is affirmed.