## WHITEHEAD v. STATE.

### Opinion delivered December 13, 1915.

1.  CHANGE OF VENUE—PREJUDICE—DISCRETION OF COURT—CREDIBILITY OF AFFIANTS.—In the matter of granting changes of venue on the ground of local prejudice, the discretion of the court is limited to passing upon the credibility of the affiants supporting the motion.

2.  CHANGE OF VENUE—TESTIMONY OF BYSTANDERS.—The testimony of bystanders as to the truth of the allegations in a motion for change of venue should not be regarded by the court.

3.  CHANGE OF VENUE—CREDIBILITY OF AFFIANTS—DUTY OF COURT.—There were eight affidavits supporting a motion for a change of venue. The trial court examined four of the affiants and found them not to be credible persons. *Held*, it was reversible error for the court to refuse the petition without ascertaining the credibility of the four remaining witnesses, who were present and available for examination.

Appeal from Lonoke Circuit Court; *Thomas C. Trimble*, Judge; reversed.

*J. M. Brice* and *W. J. Waggoner*, for appellant.

1.    The testimony is not sufficient to sustain the verdict.

2.    The indictment was by a special grand jury, when defendant was out on bail. 100 Ark. 373; 118 Ark. 310; 79 Ark. 283.

3.    The change of venue should have been granted as a matter of right on the showing made. 68 Ark. 466; 25 *Id*. 444; 54 *Id*. 243; 100 *Id*. 301; 98 *Id*. 139.

4.    It was error to allow the prosecuting attorney to ask the prosecutrix what appellant said at the time about performing such operations, and in allowing the witness to answer. 91 Ark. 555. It was error also to allow the State to prove that Dawson advised her to go to Texas.

Swaim's and Boyd's testimony was inadmissible. These are all reversible errors.

5. The testimony is not sufficient to support the verdict. 35 Utah, 400; 19 A. & E. Ann. Cas. 631.

*Wallace Davis,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The testimony is sufficient. It is not the province of this court to pass upon conflicting evidence. The verdict in the trial court is conclusive. 109 Ark. 130; *Ib.* 138.

2. The indictment by a special grand jury was in accordance with law. Kirby's Dig., § 1532, *et seq.*

3. The court did not err in refusing the change of venue. 98 Ark. 139, 141.

4. There was no error in the admission of testimony. 120 Ark. 157.

SMITH, J. Appellant was convicted under an indictment charging the commission of the crime of manslaughter alleged to have been committed by destroying a quick and unborn child, and that the act so committed was not necessary to save the life of the mother of the child.

Appellant was indicted jointly with one Arthur Dawson, who was shown to have been the father of the child, and upon a severance Dawson was also convicted. The issues in this case and in the Dawson case are very similar and in many respects identical, and the opinion in that case sets out the facts fully. See *Dawson* v. *State,* 121 Ark. 211.

A number of errors are assigned as grounds for a new trial, but most of those assignments cover matters which are not likely to reappear upon a trial anew, or they are disposed of in the opinion in the Dawson case, *supra.*

Among other points of difference, however, between the two cases is the insistence that the evidence is not sufficient to support the verdict for the reason that it fails to show that the operation was not necessary to save the life of the mother and that a proper instruction was

not given on this subject. Cases might arise in which this question would become highly important and this failure of proof fatal to a conviction, but no such question arises here. If there is any truth whatever in the State's theory of the case the child was destroyed over the protest of its mother and for the sole reason that the putative father was unwilling for it to be born for the alleged reason that he did not want to be disgraced by becoming the father of a bastard child. And the evidence on the part of the appellant is to the effect that he did not produce an abortion at all, and in the case of a contradiction of this character no error was committed in failing to charge the jury upon a question which, under the proof, was an abstract one.

The real question raised by this appeal is the action of the trial court in refusing to grant the prayer of appellant's petition for a change of venue. This petition alleged the evidence of a prejudice in the minds of the inhabitants of that county which would prevent appellant from obtaining a fair and impartial trial therein, and was supported by the affidavits of eight qualified electors who were citizens of the county and not related to appellant. The court called and examined four of these affiants touching the source and extent of their information on the subject embraced in their affidavits. The appellant called three witnesses, who were not affiants, who gave evidence touching the truthfulness of the matter recited in the petition. The remaining four affiants were not called as witnesses and did not testify, nor was any evidence heard touching their credibility or qualifications under the statute to make the supporting affidavits.

The affidavits of these eight affiants appear to have been taken before the clerk of the court on the day the petition was heard, and there is no intimation in the record that they were not available as witnesses had the court desired to examine them for the purpose of passing upon their credibility.

(1) The trial court exercises a judicial discretion in passing upon. the credibility of the affiants, but its discre-

tion is limited to that question. When the petition for change of venue is properly made and supported, the court has no discretion about granting the prayer thereof, whatever the opinion of the court may be as to its truthfulness. The statute provides no method by which the court may determine the credibility of the affiants, but leaves the question to the court. A number of cases, however, have approved the practice of calling the affiants and examining them as to the source and extent of their information for the purpose of ascertaining whether or not they have sworn falsely or recklessly without sufficient information as to the state of the mind of the inhabitants of the county as to the accused. But the cases also hold that the statute on this subject does not contemplate that the truth or falsity of the affidavits shall be inquired into and that the only question for the determination of the court is whether or not the affiants are credible persons, and that all inquiry must be confined to that question.

(2) No requirement of the statute was met by the testimony of the three bystanders called by the appellant, and the court properly disregarded their evidence, as they testified in regard to the truthfulness of the recitals of the petition rather than as to the credibility of the affiants.

In the case of *Latourette* v. *State,* 91 Ark. 65, the supporting affiants were examined in open court and found not to be credible, whereupon the defendant "requested permission to introduce four additional witnesses to corroborate the two witnesses who made the affidavit." The trial court denied this request, but stated to counsel, however, that if the proffered witnesses desired to make additional affidavits for a change of venue and would go upon the stand for examination they would be permitted to do so. This offer was refused, and the refusal of the court to hear these witnesses was assigned as error. In upholding the action of the trial court it was said:

"Now, the offer made by appellant's counsel was to introduce witnesses to corroborate the supporting affiants on the petition for change of venue. The language in which this offer is couched in its ordinary acceptation is understood to mean an offer to introduce evidence in corroboration of the testimony of the two witnesses. Understood in this way, the testimony was not relevant. The only issue before the court was that of the credibility of the two supporting affiants. It was not competent to go into the question of the truth or falsity of the statements of their affidavits. *White* v. *State,* 83 Ark. 36; *Strong* v. *State,* 85 Ark. 536. We find no error of the court in this respect."

There are cases where more than two affiants joined in the affidavit, and all but one of them were examined, and in those cases it was held that the failure to examine the remaining one was not error because one credible person would be insufficient. *Duckworth* v. *State,* 86 Ark. 357; *Maxey* v. *State,* 76 Ark. 276; *Hopson* v. *State,* 121 Ark. 87; *Williams* v. *State,* 103 Ark. 70.

In *Ward* v. *State,* 68 Ark. 466, the prosecuting attorney offered to show that the affiants were not credible persons, but the court declined to hear this evidence and refused to change the venue upon the ground that he knew the facts stated in the affidavit were not true. The court held that the presiding judge was not a witness and the knowledge he possessed was not evidence and reversed the judgment for the reason there stated. "As there is nothing in the record to contradict the facts stated in the petition and in the supporting affidavits we must take it that the witnesses were credible and the facts stated true." The judgment was reversed with an order to allow the prosecuting attorney to be permitted to introduce evidence touching the credibility of the supporting witnesses.

(3) Just as the presumption was indulged in the Ward case, *supra,* that the supporting affiants were credible, so must that presumption be indulged here. Appellant's petition was supported by the affidavits of eight

affiants, and if it be said that the court was warranted in finding that the four who were examined were not credible persons, a fact which the court did find, it can not be said that any presumption arises from that fact that the remaining four were likewise not credible. The presumption is to the contrary. The statute requires only two affiants, and appellant's petition contained twice that number who were presumptively qualified, and inasmuch as the court elected to inquire into the question of credibility, that right and duty should have been fully discharged by the examination of all of the affiants who were present and available for that purpose. A different question would have been presented if it affirmatively appeared that the remaining affiants were not available for the purpose of examination. But under the circumstances of this case we must apply the rule applied in the Ward case, *supra,* and treat the court as having acted upon a petition supported by the affidavits of presumptively competent affiants and as having erroneously overruled said petition when under the circumstances the credibility of the remaining affiants should have been determined.

For the error indicated the judgment of the court below will be reversed and the cause remanded.

McCULLOCH, C. J., dissenting. The statute provides that a petition for change of venue in a criminal case shall be supported by the affidavits of two credible persons. Kirby's Digest, § 2318. Only two supporting affiants are contemplated by the statute, and the court is not required to allow more than that number as a matter of right. The prosecuting attorney may introduce counter affidavits to show that the supporting affiants are not credible persons (*Curtis* v. *State,* 36 Ark. 284), or the court may examine the affiants orally in open court in order to pass upon their credibility. *Jackson* v. *State,* 54 Ark. 243; *Price* v. *State,* 71 Ark. 180. The court can not be required to pass upon the credibility of numerous supporting affiants, and it is the duty of the accused to present two upon whom he relies.

In the present case the court called and examined four out of the eight affiants and correctly found that they were not credible persons. If the accused had then announced that he relied upon two others, it would have been a matter in the court's discretion whether he was then entitled to a hearing as to the credibility of those persons, but no such request or announcement was made. So far as the record discloses, the accused said nothing further but submitted to the ruling of the court in holding that the four persons examined were not found to be credible persons.

Of course, when the affidavits are properly made and filed, there is a presumption, until the contrary appears, that the affiants are credible persons, but it does not follow from that presumption that the court must treat all of the names on the petition, however numerous, as those of supporting affiants, and either grant the petition or examine each of them for the purpose of passing on their credibility. When the accused presents a petition signed by more than the number of supporting affiants prescribed by the statute, it ought to be treated as successive petitions; and unless some reason is shown why more than one petition is presented, the court ought to refuse to hear the second petition. We have decided that the matter of granting changes of venue is to some extent one in the discretion of the trial court. *Ford* v. *State,* 98 Ark. 139. And it has also been held that the matter of entertaining successive petitions for change of venue is one of discretion and that the accused has no absolute right to present more than one of such petitions. *Duckworth* v. *State,* 86 Ark. 357; *Nichols* v. *State,* 102 Ark. 266. It being a matter of discretion with the court, as held in those cases, it can not be said that there has been an abuse of that discretion unless some special reason is shown for duplicating the number of supporting affiants, such as surprise at the testimony of the affiants. It ought not to be held to be an abuse of the court's discretion in refusing to grant a change of venue where there are eight supporting affiants offered and the court examined four

of them, who are found not to be credible, and the accused does not select any others to be examined or ask that the court take any further action in making inquiry concerning the credibility of the remaining persons.

It seems to me that according to our decisions holding such matters to be in the discretion of the court, we ought not in this case to say that there was an abuse of the discretion if the court had refused entirely to consider the question of the credibility of the remaining four after he had examined four of the affiants. The accused ought to, at some stage of the proceedings, have selected the two that he relied on and asked the court to treat them as the supporting affiants. It seems to me that nothing short of hopeless confusion can arise from the decision of the majority in this case. If the court erred in the present case, it will necessarily follow that where an accused person presents fifty supporting affiants the credibility of each of them must be passed on by the court. I dissent, therefore, from the conclusion reached in this case.

Mr. Justice KIRBY concurs in these views.