BAILEY v. STATE.

4254                                       163 S. W. 2d 141

Opinion delivered May 25, 1942.

*Bruce Ivy, Reid & Evrard* and *W. Leon Smith,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

MEHAFFY, J. The appellant was charged in the circuit court of the Chickasawba district of Mississippi county, Arkansas, with the crime of murder in the first degree for the killing of P. C. Kitsmiller on September 30, 1941; was tried and convicted of the crime of murder in the second degree, and his punishment fixed at ten years in the state penitentiary. An appeal is prosecuted to this court to reverse said judgment.

The killing for which appellant was tried occurred on September 30, 1941. On that day there was held, in the city of Blytheville, Arkansas, the annual National Cotton Picking Contest. Many people attended this meeting. The killing occurred in what is known as the Midnight Inn, which is approximately one and a half miles north of Blytheville on U. S. highway No. 61. In leaving the scene of the cotton picking contest, it was necessary for appellant to pass the Midnight Inn on his way home in Pemiscot county, Missouri. On his way home appellant stopped at the Midnight Inn and went inside. The owners and operators of this inn were absent at the time of the killing and were operating a stand on the grounds at the Cotton Picking Contest, selling drinks and sandwiches. There were, at the inn, Edith Grizzell and Eloise Parks. The appellant did not know Kitsmiller before this time. At the time appellant entered the Midnight Inn there was no one in the cafe part except the two waitresses. The appellant ordered a bottle of beer, and it was served to him at the counter by the Parks girl. After drinking a portion of the beer appellant got up from the stool at the counter, went around the end of the counter and into the rest room. As he was going around the end of the counter he passed a man whom he did not know. He later learned that this was Kitsmiller. When appellant opened the door to the rest room the Grizzell woman was standing at the lavatory. The appellant owned and operated a place of business in Holland, Missouri.

It is alleged that the appellant has enemies who had several times sought to take his life, and that for that reason he went armed at all times. There is some conflict in the evidence as to what was said between the appellant

and the Grizzell woman when he went into the rest room, but the Grizzell woman slapped the appellant, and about this time Kitsmiller came into the rest room, struck appellant in the back of the head, knocking him across the rest room and into the bathtub.

There is evidence that the appellant apologized both to the Grizzell woman and Kitsmiller and shook hands with the deceased, and shortly thereafter left the building and deceased took his seat at the counter. Appellant shortly thereafter returned and, as he entered the door of the cafe, brandished a pistol and stated, in effect, that he was taking charge, walked over to Kitsmiller and shot him and then leaned over him and fired two more shots.

Information was filed by the deputy prosecuting attorney charging appellant with murder in the first degree. No preliminary hearing was had in the municipal court where the information was filed, but the circuit court convened in Blytheville on October 27, 1941, and appellant was arraigned on a charge of murder in the first degree on information filed by the prosecuting attorney in circuit court.

Thereafter, the appellant filed in the circuit court a motion for a continuance in which he alleged in substance that he had not had reasonable opportunity between the date on which Kitsmiller was killed and the date set for his trial in which to interview material witnesses nor to make any proper investigation in the preparation of his defense, nor to properly prepare for his defense.

The motion for continuance is quite long, and after a hearing, it was overruled by the court.

The court did not err in overruling appellant's motion for a continuance. This court has many times held that the question of a continuance in a criminal case is within the sound discretion of the court, and its action will not be disturbed on appeal, except where there is a clear abuse of discretion, which amounts to a denial of justice. *Smith* v. *State,* 192 Ark. 967, 96 S. W. 2d 1; *Adams* v. *State,* 176 Ark. 916, 5 S. W. 2d 946; *Martin* v. *State,* 194 Ark. 711, 109 S. W. 2d 676.

In the case of *Banks* v. *State,* 185 Ark. 539, 48 S. W. 2d 847, 82 A. L. R. 1051, this court said: ''The first assignment of error is that the court erred in refusing to grant the defendant a continuance. The granting or refusing of continuance is within the sound legal discretion of the court, and this court will not interfere where there has been no abuse of that discretion.'' In support of this rule, the court cited the following cases: *Golden* v. *State,* 19 Ark. 590; *Edmonds* v. *State,* 34 Ark. 720; *Jackson* v. *State,* 54 Ark. 243, 15 S. W. 607; *Goddard* v. *State,* 78 Ark. 226, 95 S. W. 476; *Morris* v. *State,* 102 Ark. 513, 145 S. W. 213; *Bruder* v. *State,* 110 Ark. 402, 161 S. W. 1067; *Sease* v. *State,* 155 Ark. 130, 244 S. W. 250; *Adams* v. *State, supra.*

After the appellant had filed his motion for a continuance, he filed a petition for a change of venue.

Section 10 of art. 2 of the Constitution of the state of Arkansas, after providing for a trial in the county in which the crime shall have been committed, continues as follows: ''provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon the application of accused, in such manner as now is, or may be prescribed by law; and to be informed of the nature and cause of the accusation against him, and to have a copy thereof; and to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor and to be heard by himself and his counsel.''

Section 3917 of Pope's Digest provides that any criminal cause may be removed to the circuit court of another county whenever it shall appear, in the manner hereinafter provided, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein. It is then provided how the application for change of venue shall be made.

Section 3918 reads as follows: ''The application of the defendant for such order of removal shall be by petition setting forth the facts on account of which the removal is requested; and the truth of the allegations in

such petition shall be supported by the affidavits of two credible persons who are qualified electors, actual residents of the county and not related to the defendant in any way. Reasonable notice of the application shall be given to the attorney for the state. The court shall hear the application and, after considering the facts set forth in the petition and the affidavits accompanying it and any other affidavits or counter affidavits that may be filed and after hearing any witnesses produced by either party, shall either grant or refuse the petition according to the truth of the facts alleged in it and established by the evidence.''

The Constitution expressly provides that the venue may be changed to any other county of the judicial district in which the indictment is found upon the application of accused ''in such manner as now is or may be prescribed by law.'' The court has a right not only to receive counter affidavits and consider them, but he has a right to hear the witnesses produced by either party, and shall either grant or refuse the petition according to the truth of the facts alleged in it and established by the evidence.

The Constitution having provided that the change of venue may be had in the manner provided by law, it was perfectly proper for the court to consider not only the counter affidavits, but to hear the witnesses offered. The court is authorized to determine the truth of the matter, and he is certainly better qualified to pass on the application for a change of venue than is any one else.

This court recently said: ''This court has ruled that, in order for an affiant to qualify as a credible person under the statute, he must be cognizant of the prejudice existing throughout the whole county, and not merely in portions thereof.'' *Hedden* v. *State,* 179 Ark. 1079, 20 S. W. 2d 119. The following cases are cited in support of the above rule: *Dewein* v. *State,* 120 Ark. 302, 179 S. W. 346; *Speer* v. *State,* 130 Ark. 457, 198 S. W. 113; *Williams* v. *State,* 162 Ark. 285, 258 S. W. 386; *Mills* v. *State,* 168 Ark. 1005, 272 S. W. 671. See, also, *Avey* v. *State,* 149 Ark. 642, 233 S. W. 765.

"The statute contemplates that the subscribing witnesses shall have fairly accurate information concerning the state of mind of the inhabitants of the entire county toward the dfendant." *Speer* v. *State, supra.* This case also holds that it has been uniformly held that unless the trial court has abused its discretion in overruling a motion for change of venue, the order is conclusive on appeal. To support this rule the following cases are cited: *Bryant* v. *State,* 95 Ark. 239, 129 S. W. 295; *Ford* v. *State,* 98 Ark. 139, 135 S. W. 821; *McElroy* v. *State,* 100 Ark. 301, 140 S. W. 8. See, also, *Dame* v. *State,* 191 Ark. 1107, 89 S. W. 2d 610.

"Where local prejudice rendering impossible an impartial trial is made a cause for change of venue only in case its existence is established to the satisfaction of the judge holding the court, it is the consensus of opinion in criminal cases that the presumption of law is that a defendant can get a fair and impartial trial in the county in which the offense was committed, and that in order to overcome this presumption the defendant must show clearly that this cannot be done. Indeed, a change of venue in a criminal prosecution must be deemed a wrong to the public unless the necessities of justice to the accused require it, and before a court is justified in sustaining an application therefor on account of the prejudice of the inhabitants of the county, it must affirmatively appear that there is such a feeling of prejudice prevailing in the community as will be reasonably certain to prevent a fair and impartial trial." 27 R. C. L. 815.

The appellant has called attention to some cases in other jurisdictions. In some of those states the trial court has no discretion, but this court has repeatedly held that the judge, in passing on this motion, does have discretion and unless there is an abuse of this discretion, the judgment of the trial court will not be disturbed.

We have very carefully examined all the evidence and have reached the conclusion that the tiral court did not err in admitting or rejecting testimony. There is ample evidence to support the verdict and finding of the court.

The judgment is affirmed.

382

Smith, J., (concurring). I concur in the affirmance of the judgment in this case, for the reason that, in my opinion, the trial judge was warranted in finding, from the oral examination of the supporting affiants, that they were not sufficiently advised as to the state of public feeling against appellant to constitute them credible persons within the meaning of the law.

In the case of *Hedden* v. *State,* 179 Ark. 1079, 20 S. W. 2d 119, it is said: "In order to obtain a change of venue to another county, by one charged with crime in any circuit court in this state, the statutes require that it must be made to appear by petition of the defendant, supported by the affidavits of two credible persons, that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against him that he cannot obtain a fair and impartial trial therein. This court has ruled that, in order for an affiant to qualify as a credible person under the statute, he must be cognizant of the prejudice existing throughout the whole county, and not merely in portions thereof. *Dewein* v. *State,* 120 Ark. 302, 179 S. W. 346; *Speer* v. *State,* 130 Ark. 457, 198 S. W. 113; *Williams* v. *State,* 162 Ark. 285, 258 S. W. 386; *Mills* v. *State,* 168 Ark. 1005, 272 S. W. 671."

But I do not concur in the view that the trial judge had the right to find whether appellant could obtain a fair trial in the county where he had been indicted.

The majority quote the excellent rule stated in 27 R. C. L., chapter Venue, § 35, p. 815. The General Assembly might well adopt this rule. Its adoption would prevent an abuse of the constitutional right to a change of venue. By § 10, of art. 2, of the Constitution it is provided that an accused shall be entitled to a change of venue "upon the application of the accused, in such manner as now is, or may be, prescribed by law." The General Assembly might, therefore, adopt what appears to be the general rule in other jurisdictions in regard to change of venue in a criminal case, that is, it has the power to do so.

By § 14342, Pope's Digest, it is provided that "Hereafter the venue of civil actions shall not be changed

unless the court or judge to whom the application for change of venue is made finds that the same is necessary to obtain a fair and impartial trial of the cause.''

The General Assembly has the power to adopt the same rule in criminal cases; but the majority opinion renders this legislative action unnecessary if we are to adopt the rule stated in 27 R. C. L., quoted in the majority opinion, and which is apparently approved. But under the law, as it now exists and has been declared to be in many cases, the trial court, in criminal cases, may pass only upon the credibility of the persons who, by affidavit, support the petition for a change of venue.

In the case of *Ward* v. *State,* 68 Ark. 466, 60 S. W. 31, the trial judge resided in the county where the prosecution was pending, and upon denying the petition for a change of venue stated that ''he knew the defendant could get a fair and impartial trial in Lee county, and that he would not permit two persons to come into court and recklessly swear to the contrary.'' This was held to be error, the petition being in proper form. In that case the prosecuting attorney proposed to show that the affiants were not credible persons; but the court denied the petition without hearing this evidence. Had the evidence been heard, and the finding made that the affiants were not credible persons, the motion could and should have been denied upon that finding.

It was said in the case of *Strong* v. *State,* 85 Ark. 536, 109 S. W. 536, 14 Ann. Cas. 229, that while the credibility of the affiants may be investigated, the truth or falsity of their evidence cannot be inquired into; and in the case of *Dewein* v. *State,* 120 Ark. 302, 179 S. W. 346, it was said that if the petition was supported by the affidavits of two credible persons an order for a change of venue must be made.

The case last cited defines ''credible persons'' within the meaning of our statute, and fully discusses and defines the discretion and duty of trial judges in passing upon petitions for change of venue. The case so fully disposes of the question that I quote from it rather extensively. It was there said:

"In a criminal case, when a petition for a change of venue and the supporting affidavits are in the form prescribed by statute, the only inquiry upon which the trial court may enter is as to the qualifications of the supporting witnesses; and if it be found that they come within the definition of the statute, as 'credible persons who are qualified electors, actual residents of the county and not related to the defendant in any way,' the court has no further discretion and the order for a change of venue must be made. The court may, however, in order to pass upon the credibility of the supporting witnesses, have them called before the court and examined. That is not the exclusive method of passing upon the question, but is the familiar one more often pursued in this jurisdiction. The court may inquire into the means of knowledge of the witness and as to the probability of the petitioner being able to obtain a fair and impartial trial, but only for the purpose of reaching a conclusion upon the credibility of the supporting witnesses. . . . It is true that the word 'reputable' is laid down by the lexicographers as synonymous with the word 'credible,' but the two words are not synonymous in the fullest sense and can not be treated as synonymous when considered in interpreting our statute on the subject of change of venue. A person may be of good repute in the community in which he lives, and yet, by reason of a reckless and inaccurate oath, based upon insufficient knowledge, fail to be a credible person within the meaning of the statute. A credible person is one who has the capacity to testify on a given subject and is worthy of belief; and one who lacks knowledge on the subject under investigation is not a credible person to be accepted as worthy of belief in that particular inquiry."

In addition to the Dewein case, *supra,* the majority opinion cites other cases, all of which are to the same effect, and no case to the contrary was cited. In other words, in passing upon a petition for change of venue, in proper form, the limit of the inquiry which the trial court may make is that of the credibility of the supporting affiants. If they are found not to be credible, the petition may and should be denied; but if they are found

to be credible the court is without discretion and must make an order changing the venue.

In addition to the cases cited in the majority opinion, all of which support the rule just stated, the opinion in the case of *Spurgeon* v. *State,* 160 Ark. 112, 254 S. W. 376, cites a number of others. The proper practice in such cases is there again extensively reviewed, and the opinion quotes approvingly from the opinion in the case of *Whitehead* v. *State,* 121 Ark. 390, 181 S. W. 154, as follows: "In the last case cited above (*Whitehead* v. *State, supra*) the court reviews the authorities and states the rule as follows: 'The trial court exercises a judicial discretion in passing upon the credibility of the affiants, but its discretion is limited to that question. When the petition for change of venue is properly made and supported, the court has no discretion about granting the prayer thereof, whatever the opinion of the court may be as to its truthfulness. The statute provides no method by which the court may determine the credibility of the affiants, but leaves the question to the court. A number of cases, however, have approved the practice of calling the affiants and examining them as to the source and extent of their information for the purpose of ascertaining whether or not they have sworn falsely or recklessly without sufficient information as to the state of mind of the inhabitants of the county as to the accused. But the cases also hold that the statute on this subject does not contemplate that the truth or falsity of the affidavits shall be inquired into, and that the only question for the determination of the court is whether or not the affiants are credible persons, and that all inquiry must be confined to that question.' "

Scores of cases, all to the same effect, are cited in West's Digest of the Arkansas Reports, chapter Venue, §§ 115 to 145, and it would be a work of supererogation to cite them.

I, therefore, concur in the holding that no error was committed in overruling the petition for a change of venue, but for the reason only that the trial judge was warranted in finding that the supporting affiants were

not credible persons within the meaning of the law, as the discretion of the trial judge is limited to the determination of this fact.

The Chief Justice concurs in the views here expressed.