CHITWOOD v. STATE.

4411                                        196 S. W. 2d 241.

Opinion delivered July 8, 1946.

Rehearing denied September 30, 1946.

*Walter Billingsly, Earl Goad* and *Batchelor & Batchelor,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

ROBINS, J. A trial jury found appellant guilty of murder in the first degree, and from the judgment of the lower court, entered in accordance with the verdict, sentencing him to death in the electric chair, appellant prosecutes this appeal.

When arraigned to answer the information filed against him appellant entered a plea of "not guilty by reason of insanity"; and thereupon, in accordance with the provisions of § 3913, Pope's Digest, the lower court ordered that appellant be sent to the State Hospital for observation.

Appellant makes no question here of the sufficiency of the testimony to establish his guilt, nor does he challenge the correctness of any ruling as to the admission or rejection of evidence or as to the giving or refusing of instructions. However, we have carefully reviewed the record and we find that no error was committed by the lower court in respect of any of these matters, and that the evidence abundantly established his guilt.

The sole grounds relied on by appellant for reversal are: First. That the provisions of § 3913, Pope's Digest, as to committing appellant to the State Hospital for observation were not observed in that, during the time appellant was being observed by the superintendent and staff of the State Hospital, appellant, instead of being kept in one of the hospital buildings, was actually confined in the Pulaski county jail; and, second, that the lower court erred in denying his petition for change of venue.

I.

The statute (§ 3913, Pope's Digest) directs that when the defense of insanity has been raised on behalf of a defendant in a prosecution for crime "the judge shall

postpone all other proceedings in the cause and shall forthwith commit the defendant to the Arkansas State Hospital for Nervous Diseases, where the defendant shall remain under observation for such time as the court shall direct, not exceeding one month.'' Subsequent portions of the statute provide for the making of observations and investigations by physicians employed at the hospital and for making of report of their findings. The law also authorizes the subpoenaing of such physicians as witnesses at the trial at the order of the trial judge, or at the request of the State or the accused.

The testimony shows that when Dr. A. C. Kolb, superintendent of the State Hospital, learned that appellant was to be sent to his institution he called the circuit judge who had made the order for appellant's committal and advised the judge that the hospital had no escape-proof building wherein appellant could be confined while he was being observed and asked permission to have appellant kept in the Pulaski county jail instead of at the hospital. This permission was granted by the judge. During the period of observation appellant was taken by the officers from the jail to the hospital, at any time during the day Dr. Kolb called for appellant, where he was examined by Dr. Kolb and other members of his staff. Dr. Kolb testified that, if appellant had been confined in one of the wards at the hospital, it would have been necessary to have brought appellant, each time an examination was made, from such ward to the room used by the physicians at the hospital for conducting the investigations. There is nothing in the record to indicate that a proper investigation of the mental condition of appellant was not made. On the contrary, Dr. Kolb's testimony showed that a thorough and careful examination of the mental and physical condition of appellant was made. That no prejudice resulted to appellant from the manner in which he was examined by the hospital authorities is conclusively shown by the testimony of Dr. Rowland, a psychiatrist who examined appellant and who was introduced as a witness by appellant. Dr. Rowland corroborated Dr. Kolb's testimony

to the effect that appellant was sane and legally responsible for his acts. We conclude that it was not only Dr. Kolb's right, but it was his duty, in view of the fact that in his judgment the facilities at the hospital were not sufficient to insure the safekeeping of appellant, to have him comfined in some other convenient and available place from which an escape could not be effected.

The obvious purpose of this statute (§ 3913, Pope's Digest) is to provide for a prompt and impartial investigation, by competent psychiatrists, of the mental condition of any person accused of crime, about whose sanity a question is raised. The evidence shows that this purpose was fully accomplished in the case at bar; and no prejudice to appellant could possibly have arisen from the failure to confine him in some building of the State Hospital while the investigation required by the statute was being made.

## II.

Nor do we find any merit in appellant's contention that his petition for change of venue was improperly overruled. In the first place, this petition did not meet the requirements of the statute (§ 3918, Pope's Digest) in that it was not supported by the affidavits of two qualified electors of the county. No person (other than appellant) made affidavit to appellant's petition. Despite this fact, before overruling the petition, the lower court permitted appellant to introduce in support of the petition such testimony as he desired to offer. We have reviewed this testimony and do not find that it established that the minds of the inhabitants of the county were so prejudiced against appellant that he could not have a fair trial therein.

In the case of *Bailey v. State,* 204 Ark. 376, 163 S. W. 2d 141, we held (headnote 4): "Unless the trial court has abused its discretion in overruling a motion for change of venue the order is conclusive on appeal."

We do not find that the lower court abused its discretion in overruling this petition, even if it could be said that the petition itself was sufficient.

No error appearing, the judgment of the lower court is affirmed.