[No. 2148, April 3, 1918.]
## STATE v. JOHNSON.

### SYLLABUS BY THE COURT
1. The good character of the deceased is not a subject of proof in a prosecution against another for killing him, where his character had not been attacked by the defense.

P. 13

2. It is not error to refuse a continuance on the ground of surprise at the introduction of evidence, when the defendant should, from the nature of the case, naturally expect or anticipate the evidence, or when by law he is chargeable with knowledge that such evidence would be properly competent. P. 15

Appeal from District Court, Union County; Leib, Judge.

State v. Johnson, 24 N. M. 11.

Grover C. Johnson was convicted of murder in the second degree, and he appeals. Affirmed.

CHAS. A. SPIESS, of E. Las Vegas, and HUGH B. WOODWARD, of Clayton, for appellant.

Admission of testimony tending to prove character of deceased by proof of his reputation for morality and decency, was erroneous.

3 Bishop's New Crim. Pro. 1598; Wharton's Crim. Ev. 251; Moore v. State, 79 S. W. 565; Martin v. State, 70 S. W. 973; Everette v. State, 18 S. W. 674; Melton v. State, 83 S. W. 822; Graves v. State, 14 Tex. App. 113; McCandless v. State, 57 S. W. 672; Kennedy v. State, 37 So. 90; Gregory v. State, 94 S. W. 1038; Jameson v. State, 60 So. 944; Parker v. Comm. 28 S. W. 500.

Defendant was surprised by admission of certain evidence hence motion for continuance should have been granted.

Bishop's N. Crim. Pro. Vol. 2, 789; Young v. U. S., unreported; Monday v. State, 32 Ga. 672.

C. A. HATCH, Assistant Attorney General for the State.

As reputation of deceased was attacked, State was authorized to prove that reputation on rebuttal.

3 Bish. New Crim. Pro. 1600; Bryant v. State, 129 S. W. 295; State v. Woodward, 90 S. W. 90; State v. Ross, 178 S. W. 475; State v. Dixon, 190 S. W. 290; State v. Corrigan, 171 S. W. 51; Berry v. State, 163 S. W. 964; Cannon v. State, 128 S. W. 141; Graves v. State, 14 Tex. A. 113; State v. Triskett, 118 Pac. 1047.

Continuance was properly refused. Defendant should have expected or anticipated such evidence.

9 Cyc. 189, 190; State v. Star, unreported.

State v. Johnson, 24 N. M. 11.

## STATEMENT OF FACTS.

The appellant, Grover C. Johnson, was indicted charged with the murder of one Noble A. Hypes, the trial resulting in a conviction of murder in the second degree.

It appears from the record that the deceased on the 21st day of July, 1916, went to the home of the defendant during his absence and at a late hour in the evening. As to what took place on the occasion in question is not clear from the record, though the wife of the defendant testified that the deceased insulted her. Upon her husband's return to the house, on being informed of the alleged remarks of the deceased, he set out in search of Mr. Hypes, and upon finding him assaulted him in an aggressive manner. As a result of this assault, the deceased died the following day. The court sentenced the defendant to a term of from 12 to 15 years in the penitentiary, from which judgment this appeal is prayed.

## OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.) [1] The first and only important question raised is that the court committed error in permitting the state to prove the general reputation of the deceased for morality and decency. The state was permitted to introduce a number of witnesses in rebuttal who testified to the good reputation of the deceased in this respect. Objection was interposed to the introduction of this evidence upon the ground that it was not proper rebuttal. The gist of the theory advanced by the defendant was that the deceased had insulted his wife, as a result of which he had committed the assault in question. The theory of the state was that the deceased did not make the insulting remarks and was not the kind of a man to make such remarks. The record discloses that the wife of the defendant gave testimony tending to bring into question the reputation of the deceased when she testified concerning the conversation which she had overheard between her sister and a Mrs. Lambert to the effect that

the deceased had on a former occasion run Mrs. Lambert away from her home. Counsel agree that:

"The good character of the deceased is not a subject of proof in a prosecution against another for killing him, where his character had not been attacked by the defense."

The rule is thus stated in Wharton on Homicide (3d Ed.) § 269. See, also, 3 Bishop's New Criminal Procedure, § 612.

The appellant contends that the testimony of Mrs. Johnson is but incidental comment of the witness relating to the conversation overheard by her as to the conduct of the deceased on a particular occasion. We cannot agree, however, with appellant in his contention in this respect. The testimony of the witness would apparently tend to prove that the deceased was in the habit of running women away from their homes or making improper proposals to them, and was clearly an attack upon the character of the deceased. This attack made it necessary for the state to show the reputation of the deceased in the community in which he lived. We cannot conceive of a rule of evidence which would preclude its doing so. In the case of Bryant v. State, 95 Ark. 239, 129 S. W. 295, a similar question arose; the court saying:

"In this case the evidence adduced by the defendant on cross-examination tended to prove that the deceased was aggressive, quick to take offense, and resent it with force unnecessarily. The evidence adduced by the state was admissible to remove such impression."

In State v. Woodward, 191 Mo. 617, 90 S. W. 90, the court said:

"The record in this cause discloses that the defendant, upon cross-examination of witness Charles Johnson, for the state, did undertake to elicit testimony which reflected upon the good reputation of the deceased. Defendant having opened up the subject of the good reputation of the deceased, it was not error to permit the state to rebut any testimony offered by the defendant upon that subject."

Numerous cases might be cited to the same effect; but we deem it unnecessary to refer to them in this opinion, as the rule is well settled that, where the reputation of the deceased in a case of this character has once been put in issue by the defendant, the state may offer testimony in rebuttal upon that subject, and the examination of this record, we believe, clearly discloses that the reputation of the deceased was put in issue by the defendant.

[2] Appellant next contends that, when the state introduced evidence showing the reputation of the deceased, they should have been permitted an adjournment in order to find time to secure testimony to refute the evidence on the subject of the reputation offered by the state, and they contend that, because the court refused their request for an adjournment, it committed error. This contention is sufficiently answered by the following announcement of the law as appears in 9 Cyc. p. 190:

"* * * It is not error to refuse a continuance on the ground of surprise at the introduction of evidence, when the defendant should, from the nature of the case, naturally expect or anticipate the evidence, or when by law he is chargeable with knowledge that such evidence would be properly competent."

Appellant further complains that the court committed error in admitting in evidence the clothing worn by the deceased at the time of his injury which resulted in his death. This objection is sufficiently disposed of by reference to the record which discloses that the defendant did not object to the introduction of the clothing in evidence at the time that it was offered in evidence. After the introduction of the clothing in evidence in connection with the examination of a witness at a later time, an objection on the ground that the evidence was prejudicial was made; but this objection was not pressed, and no motion was interposed to take the evidence from the jury. We therefore conclude that the objection was not timely.

Finding no error in the record, the judgment of the trial court is affirmed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.