TAYLOR v. STATE.

Opinion delivered December 3, 1904.

1. HOMICIDE—SELF-DEFENSE—INSTRUCTION.—Where, in a combat with C., defendant attempted to shoot him and killed J. instead, an instruction that defendant would be justified if the killing was apparently

necessary to save his own life or prevent him receiving great bodily injury was not misleading if, construing the instructions as a whole, it was apparent that the court referred to an apparent necessity which might have grown out of the combat with C.   (Page 162.)

2.   SAME—LEAVING TO COURT TO FIX PUNISHMENT.—Where the jury found defendant guilty of manslaughter, without fixing the degree or assessing the punishment, defendant cannot complain because the court fixed his punishment at one year's imprisonment in the penitentiary if the whole record shows that the jury meant to find him guilty of voluntary manslaughter, the lowest penalty for which is two years. (Page 162.)

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*Smead & Powell,* for appellant.

It was error to admit in evidence the written statement of the evidence of John Haynes.  Appellant was entitled to be confronted with the witness, especially when no sufficient predicate was laid for the use of the statement in lieu of an oral examination.  33 Ark. 541; 40 Ark. 461; 47 Ark. 185; 60 Ark. 407.  The court erred in telling the jury to "agree on an offense, and he would fix the punishment."  Sand. & H. Dig. § 2279.  The twelfth instruction is erroneous, because not based on facts.  49 Ark. 543; 69 Ark. 657.

*George W. Murphy, Attorney General,* for appellee.

BATTLE, J.  Ed B. Taylor was indicted by a grand jury of Clark County for murder in the second degree.  The indictment charged, that, on the 11th of May, 1903, he feloniously, with malice aforethought, killed and murdered J. Jones by shooting him with a pistol loaded with gunpowder and leaden bullets, against the peace and dignity of the State of Arkansas.  He was convicted of manslaughter; and his punishment was fixed by the court at one year in the penitentiary.

It was proved that the defendant, in a combat with Monroe Cohn, attempted to shoot Cohn and killed Jones, who was his friend.  The shooting was done in a heat of passion or anger aroused by Cohn.

Among other instructions the court gave the following to the jury:

"12.   In ordinary cases of one person killing another in self-defense it must appear that the danger was so urgent and pressing that, in order to save his own life or to prevent his receiving great bodily injury, the killing of the other was necessary; and it must also appear that the person killed was assailant, or that the slayer had acted in good faith and endeavored to decline any further contest before the mortal injury was given.

"13.   The court instructs the jury that, in order to justify homicide on the grounds of self-defense, the defendant must have employed all the means reasonably within his power and consistent with his safety to avoid the danger and avert the necessity for the killing.   And so in this case if you believe from the evidence beyond a reasonable doubt that the defendant shot and killed Ira Jones, and that such killing was not apparently necessary at the time in order to save defendant's own life, or to prevent him receiving great bodily injury, then the defendant would not be justified under the law of self-defense, and you should convict him.

"14.   You are instructed that if you find from the evidence beyond a reasonable doubt that the defendant shot and killed the deceased, Jones, while attempting to shoot Monroe Cohn, and that at the time he shot he intended to kill Cohn, with malice aforethought and premeditation, then you should convict him for the offense as charged in the indictment.

"15.   Should you entertain a reasonable doubt of the defendant's guilt of murder, then you should consider whether he is guilty of manslaughter; and if you find from the evidence beyond a reasonable doubt that the defendant fired the shot under a sudden heat of passion, and without malice and without provocation, then you should find the defendant guilty of manslaughter."

And the court instructed the jury, in part, at the request of the defendant, as follows:

"2.   You are instructed that, to justify a killing in self-defense, it is not essential that it should appear to the jury to have been necessary; it is sufficient if the defendant honestly believed, without fault or carelessness on his part, that the danger

was so urgent and pressing that the killing was necessary to save his own life or to prevent great bodily harm.

"4. The jury are instructed that if they find from the evidence that Monroe Cohn assaulted the defendant with a murderous intent to take his life, or to do him great bodily harm, then and in that event the defendant is under no obligation to retreat, but may stand his ground and, if need be, kill his assailant.

"5. The jury are instructed that if you believe from the evidence in this case that the defendant was first assaulted by Monroe Cohn with intent to kill, or to do him great bodily harm, the defendant was not bound to retreat, but might stand his ground, and, if need be, kill his assailant; and if he fired the shot, believing this was the intention of his assailant, he was justified in this, though you find from the evidence the danger was merely apparent.

"6. The court instructs the jury that a person attacked does not have to wait until the party attacking has assaulted him, but if, acting as a reasonable, prudent person, the defendant believed the said Cohn was in the act of doing him great bodily harm or taking his life, he had the right to defend himself, though you may believe at the instant  *  *  *  the said Cohn was not in reach of him with his knife."

On the morning next following the conclusion of the argument of the counsel in the case, the jury, having failed to return a verdict, were brought into the presence of the court, and asked if they had agreed, and their foreman answered that they had not. The court then told them that they should agree, and asked them how a majority stood. The foreman answered that they had agreed, except as to the punishment. The court then told them to retire and "fix the verdict," and leave the assessment of punishment to him; and to this appellant excepted. The jury returned the following verdict: "We, the jury, find the defendant guilty of manslaughter;" and the court assessed his punishment at one year in the penitentiary, and rendered judgment accordingly; and the defendant appealed.

Appellant insists that the testimony of George Hughes, taken and reduced to writing before an examining court, which was read as testimony in this case, should not have been submitted and read as evidence. Attorneys for both parties agree that such

testimony was admitted, and what it was, but it is not made a part of the record; and if it was, it does not appear that appellant objected to it; and appellant is not entitled to a reversal on account of it.

Appellant contends that so much of the thirteenth instruction on the part of the State as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant shot and killed Ira Jones, and that such killing was not apparently necessary at the time in order to save the defendant's own life, or to prevent him receiving great bodily injury, then the defendant would not be justified under the law of self-defense, and you should convict him"—is misleading and not the law. Taken in connection with the other instructions, the evidence and the verdict, it was not calculated to mislead. The appellant was tried as he would or should have been if he had killed Cohn, instead of Jones. The jury were instructed upon the same theory, and they returned a verdict accordingly. Jones made no attack upon appellant, and yet the court instructed the jury upon the law of self-defense. The jury found him guilty of manslaughter, and yet Jones had done nothing to provoke anger, and he and appellant were friends. So it appears that the jury were not misled.

Appellant complains because the court instructed the jury to leave the assessment of the punishment to him. But he was not prejudiced by it. They found him guilty of manslaughter. The whole record shows that they meant voluntary manslaughter, for, according to the evidence and the instructions of the court, they could not have found him guilty of involuntary manslaughter. The court fixed his punishment at one year's imprisonment in the penitentiary, when the lowest penalty for voluntary manslaughter is two years.

The verdict was sustained by the evidence.

Judgment affirmed.