McDONALD *v.* STATE.

Opinion delivered September 24, 1923.

1. CONTINUANCE—DISCRETION OF COURT.—Where one accused of an assault with intent to rape moved for a continuance on account of the absence of the prosecutrix from the State, alleging that she was a material witness in his behalf, and that, if present, she would testify to certain facts which he could not prove by any other witness, but he failed to show that he had exercised due diligence to have her present, and did not request a postponement to give him an opportunity to take her deposition, it was not an abuse of the trial court's discretion to refuse a continuance or to allow accused to read as evidence the facts set up in his motion.

2. CRIMINAL LAW—MOTION FOR CONTINUANCE AS EVIDENCE.—Where the court in a criminal case denied a motion for continuance, it was not error to refuse to allow accused to read as evidence the facts alleged in such motion.

3. CRIMINAL LAW—EXAMINATION OF ACCUSED—OBJECTION.—A ruling of the court permitting defendant to be cross-examined as to his conviction for another crime will not be considered on appeal where no objection was taken at the time it was made.

4.   Criminal law—competency of medical expert.—A qualified medical expert is competent to testify that, in her opinion, bruises on the arms of the prosecutrix in a case of assault with intent to rape were made by finger nails or something similar.

5.   Rape—instruction.—The defendant in a case of assault with intent to rape asked the following instruction: "You are instructed that under the law, before defendant can be convicted of the crime of assault to rape, you must find from the evidence beyond a reasonable doubt that defendant committed some overt act which was the beginning of the attempt to ravish, *and not merely a preparation,* and that such overt act was accompanied by the specific intent to accomplish his purpose against the will of her, the said G. W." The court modified the instruction by striking out the words italicized. *Held* that the instruction as modified was complete and correct.

6.   Criminal law—instruction—use of language of opinion.—The mere fact that certain language has been used by the Supreme Court in rendering an opinion is not of itself sufficient to justify the use of the same language by a trial court in its instructions to the jury.

7.   Criminal law—argumentative instructions.—It is not error for the trial court to refuse prayers for instructions that are argumentative in form.

8.   Criminal law—argumentative instruction.—In a prosecution for assault with intent to commit rape, an instruction that, even though at the time of the alleged offense accused drew a pistol and pointed it at the prosecuting witness, this would not constitute an assault with intent to commit rape, was properly refused as being argumentative.

Appeal from Craighead Circuit Court, Second Division; *G. E. Keck,* Judge; affirmed.

*M. P. Huddleston, Gautney & Dudley, Denver L. Dudley,* for appellant.

1.  The continuance ought to have been granted. Appellant had the right to assume that this prosecuting witness would appear in conformity with law as a witness, and diligence on his part cannot be charged against him, unless it can be shown that he knew she could not, or did not intend, to be present as a witness. 99 Ark. 394; *Id.,* 547.

2.  It was error to permit the prosecuting attorney to ask the defendant if he had not been convicted of

carnal abuse in another county and sentenced to the penitentiary. 60 Ark. 450; 6 A. L. R. 1616.

3. The court erred in striking out of instruction 6 requested by appellant the words "and not merely a preparation" As asked the instruction stated the law as to assault with intent to rape as recognized by this court. 77 Ark. 37; 105 Ark. 218.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose,* Assistants, for appellee.

1. There was no abuse of discretion in refusing the continuance. No diligence whatever was shown. 99 Ark. 394; 110 Ark. 409; 133 Ark. 239; 94 Ark. 169; *Wood* v. *State,* 159 Ark. 671, and cases cited.

2. The question put to the defendant was not objected to at the time. He cannot be heard to urge that as error here. 73 Ark. 158; 96 Ark. 52; 66 Ark. 120; 103 Ark. 70; 117 Ark. 64; 103 Ark. 165. The objection is not tenable. This was on cross-examination, and the question merely went to defendant's credibility as a witness. *Clayton* v. *State,* 159 Ark. 592; 133 Ark. 272; 143 Ark. 420; 146 Ark. 201; 141 Ark. 504.

3. "When a witness has, by experience and education, gained special knowledge and skill relative to matters involving medical science, he is entitled to give his opinion thereon." 94 Ark. 544, and authorities cited.

WOOD, J. This is an appeal from the judgment of the Craighead Circuit Court sentencing the appellant to imprisonment in the State Penitentiary for a period of five years for the crime of assault with intent to rape. Appellant's motion for a new trial assigned forty-five errors in the rulings of the court. He abandons here all of these alleged errors except seven, which he urges as reasons for reversal of the judgment, and which we will consider in the order presented in his brief.

1. "That the court erred in refusing to grant defendant's motion for a continuance." Appellant was arrested on a warrant issued by a magistrate of Greene

County charging him with assault with intent to rape one Grace Worthington. At the preliminary hearing before the magistrate Grace Worthington appeared and testified as a witness for the State, and was cross-examined by the appellant. The appellant was bound over to the grand jury of Greene County, and was thereafter indicted by the grand jury of that county for the crime charged. After the preliminary hearing the prosecutrix returned to her home in St. Louis, Missouri. The venue was changed to the Craighead Circuit Court, where the trial was had. During the trial the sheriff of Greene County went to St. Louis for the purpose of ascertaining whether or not the prosecuting witness was there, and found that she was there, confined to her room with measles, and on that account was unable to be present as witness at the trial. The appellant filed his motion to continue the cause for the term, in which he alleged that the prosecutrix was a material witness in his behalf, and he alleged that she, if present, would testify to certain facts set forth in the motion, which facts, as alleged, were material to his defense. He alleged that the prosecutrix was a resident of St. Louis, and he expected her to be present; that the facts were true, and that he could not prove the same by any other witness; that the witness was not absent through connivance or procurement of appellant, and that if the cause were continued he could have her present at the next term of the court, or take her deposition and have the benefit of her testimony; that he had no knowledge of the fact that the prosecutrix would not be present until court convened April 23, 1923, the day the trial began. The motion was in legal form and duly verified. No facts are alleged in the motion which show that the appellant had exercised due diligence to have the witness present. After ascertaining that she was ill with measles and on that account confined to her home in St. Louis, and that she could not be present at the trial, the appellant did not request the court to postpone and set the cause for a later day

to give him an opportunity to take the deposition of
the witness.

The witness was beyond the jurisdiction of the
court, and her attendance could not have been compelled,
but the appellant, by exercising due diligence, might
have obtained her deposition, for aught the record shows
to the contrary. In a very recent case we said: "We
have uniformly held that it is a matter within the sound
discretion of the trial court to grant or refuse a con-
tinuance." *Wood* v. *State*, 159 Ark. 671, and cases
there cited. In the above case the circumstances as
stated did not show any abuse of discretion upon the
part of the trial court in refusing to grant the appel-
lant a continuance for the term. Among the circum-
stances in that case it was shown that the witness was
sick, and no postponement of the case was asked un-
til it could be ascertained how sick the absent witness
was. In the case at bar no postponement of the case
was asked by the appellant in order to give him an op-
portunity to take the deposition of the absent witness.
The court did not err in overruling the motion for a
continuance, and it follows likewise that the court did
nor err in refusing to allow appellant to read as evidence
the purported facts set up in such motion.

2. "That the court erred in permitting the prose-
cuting attorney to ask the defendant if he had not been
convicted of carnal abuse at Piggott, Clay County, Ark-
ansas, and sentenced to the penitentiary." No objec-
tions were made or exceptions saved to the ruling of the
court in permitting the cross-examination of the appel-
lant by the prosecuting attorney in the manner indicated
in this ground of the motion for a new trial. Therefore
this assignment of error cannot avail the appellant. Since
the question was propounded without objection and ex-
ception to the ruling of the court at the time it was asked.
we cannot review the alleged error. *Taylor* v. *State*,
73 Ark. 158; *Clardy* v. *State*, 96 Ark. 52; *Williams* v.
*State*, 103 Ark. 70; *Stevens* v. *State*, 117 Ark. 64-70.

3. "That the court erred in permitting the witness, Dr. Olive Wilson, to express her opinion as to the instrument or thing that caused the scratches or bruises on the arm of the prosecuting witness." Dr. Wilson testified that on the day following the night the assault was alleged to have been made she had occasion to examine the body of the prosecutrix, and that she found long scratches on her legs from her knees almost to her heels, and found scratches on her arms that seemed to have been made with finger-nails. And again she testified that the scratches were on the back of the arm and were circular as though a finger-nail might have done it. The marks were small circular—not entirely round, but partly so. The witness qualified as an expert. She was a graduate of the Northwestern University of Chicago, and had practiced her profession for thirty-two years. She had observed wounds and scars on human beings, and, from her experience, she was able to tell the nature of the instrument from the wound inflicted. After so qualifying, she stated that the scratches might have been made by a finger-nail; that they looked as though they might have been made by finger-nails pressing deeply into the flesh (demonstrating to the jury what she meant to express.)

The appellant objected to that part of the testimony of the witness in which she stated that, in her opinion, the marks on the arms of the prosecutrix were made by finger-nails, or something similar. The testimony was competent. In *Miller* v. *State,* 94 Ark. 538-544, we said: "When a witness has, by experience and education, gained special knowledge and skill relative to matters involving medical science, he is entitled to give his opinion thereon." The scratches on the body of the prosecuting witness observed by the expert were in the line of her profession and experience, and she was thereby peculiarly fitted to express her opinion as to the appearance of these wounds, and, from such appearance, the kind of instrument by which they were made. See above case and authorities there cited.

4. "That the court erred in refusing to give defendant's instruction No. 6, and in modifying the same and in giving it as modified." The instruction asked by the defendant is as follows: "You are instructed that, under the law, before defendant can be convicted of the crime of assault to rape, you must find from the evidence, beyond a reasonable doubt, that defendant committed some overt act which was the beginning of the attempt to forcibly ravish Grace Worthington (and not merely a preparation), and that such overt act was accompanied by the specific intent to accomplish his purpose against the will of her, the said Grace Worthington." The court modified the instruction by striking out the words in parentheses, towit: "and not merely a preparation," and gave the instruction as modified. To sustain this assignment, the appellant relies upon the cases of *Anderson* v. *State,* 77 Ark. 37, and *Douglas* v. *State,* 105 Ark. 218. In these cases we held: "The statute of this State requiring the unlawful act to be coupled with the present ability to do the injury clearly indicated that the unlawful act must be the beginning or part of the act to injure or the perpetration of the crime, and not of the preparation to commit some contemplated crime."

The instruction, as modified and given by the court, was complete and correctly declared the law, without the words in parentheses which the court struck out. The words, "and not merely a preparation," which the court struck out of the instruction, it is true, is the language of a judge of this court in announcing the law applicable to cases of this character, but it is not always correct to copy the exact language of an opinion of this court as an instruction to be given to a jury in a particular case. The exact language of this court in delivering an opinion, copied and offered as an instruction in a case, might be argumentative and misleading. Whether such an instruction is correct would depend entirely upon the particular facts of the case. Here the

language stricken from the instruction was not necessary, as we have said, to make the instruction a complete and correct declaration of law, and in the form offered, under the facts of this record, was argumentative. For, if the defendant committed some overt act which was the beginning of an attempt to forcibly ravish the prosecutrix, then such act was not merely in preparation for the attempt. It had gone beyond that stage.

In *Central of Georgia Ry. Co.* v. *Hartley,* 103 S. E. 259, it is held, quoting syllabus: ''Appellate courts in discussing cases frequently make use of language which, though embodying sound principles of law, is not intended to be adjusted to the requirements and proprieties of a charge to be given to juries.'' *Atl. & W. P. R. Co.* v. *Hudson,* 51 S. E. 29, 123 Ga. 108; *So. Cotton Oil Co.* v. *Skipper,* 54 S. E. 110, 125 Ga. 368; *Little* v. *Salter,* 163 N. W. 447-454. ''The mere fact that certain language has been used by the judge of an appellate court in rendering an opinion is not of itself sufficient to justify the use of the same language by a trial court in its instructions to the jury.'' *Abernathy* v. *Emporia Mfg. Co.,* 122 Va. 406, 95 S. E. 418.

5. ''That the court erred in refusing to give defendant's instruction No. 3.'' That instruction is as follows: ''You are instructed that, although you find that after witness, Grace Worthington, had left the car and was ten or fifteen feet away, defendant drew his pistol and pointed it at her, this would not constitute assault with intent to rape.'' It will be seen that this instruction called attention to certain specific facts which the testimony tended to prove, and instructed the jury as to the effect of such testimony. This court has held in numerous decisions, some of them quite recent, that it is not error for the trial court to refuse prayers for instructions that are argumentative in form. *Markham* v. *State,* 149 Ark. 507; *Cranford* v. *State,* 156 Ark. 42; *Johnson* v. *State,* 156 Ark. 459; *Pratt* v. *State,* 157 Ark. 19; *Watkins* v. *Metropolitan Life Ins. Co.,* 158 Ark. 386; *Flake* v. *State,* 159 Ark. 37.

6. "That the court erred in refusing to give appellant's prayers for instructions Nos 4 and 5." These prayers specifically enumerated the facts which the evidence adduced by the appellant tended to prove, and concluded by telling the jury that, if they believed these facts to exist, appellant would not be guilty of the crime charged, and that they should so find. It is unnecessary to set forth these instructions. Suffice it to say, we have considered them, and they are open to the same objection as prayer No. 3. They are argumentative in form. They single out different phases of the testimony and contain a detailed statement of the facts which the testimony adduced by the appellant tended to prove, and conclude by telling the jury that, if they find from the evidence that such were the facts, they should acquit the defendant. Moreover, they are sufficiently covered by other prayers of the appellant for instructions which the court gave. There was therefore no reversible error in refusing to grant them.

7. The last assignment of error is "that is, the evidence is not sufficient to sustain the verdict." It could serve no useful purpose to set out in detail and discuss the testimony adduced by the State tending to prove the salacious proclivities of appellant. Under the evidence it was purely an issue of fact for the jury to determine whether appellant was guilty of the crime charged. They believed the testimony of the prosecutrix, and her testimony was amply sufficient to sustain the verdict. The appellant had a fair trial.

Let the judgment be affirmed.