JEFFERSON v. STATE.

Criminal 4097                               120 S. W. 2d 327.

Opinion delivered October 17, 1938.

898

DONHAM, J.   Information was filed by the prosecuting attorney within and for the First Judicial Circuit in the St. Francis circuit court accusing the appellant, Lucian Jefferson, of the crime of murder in the first degree.   It was alleged that the said Lucian Jefferson on the 14th day of February, 1938, in St. Francis county unlawfully, wilfully, feloniously and with malice aforethought, and after deliberation and premeditation, did kill and murder one Emmer Jefferson, by striking, beating and hitting her and by running over her with an automobile after he had struck and beaten her with a certain blunt instrument, the name of which was unknown; that the said Lucian Jefferson then and there held said blunt instrument in his hand.   Upon a trial, a jury convicted Jefferson of murder in the first degree as charged in the information and fixed his punishment at life imprisonment in the penitentiary.   Motion for a new trial was filed, same was overruled and appellant appealed to this court.

The first objection made by the appellant relates to the information copied in the transcript.   The information is regular in form, except at the end of the information it contains the verdict of the jury.   There is no explanation as to how the verdict of the jury happened to be copied at the end of the information.   There was no objection to the form of the information taken at the trial and no objection relating thereto was brought forward in the motion for a new trial.   Therefore, the presence of the verdict of the jury copied upon the information at the end thereof constitutes no error which this court can review.   Any irregularity in this respect must

have been due to a clerical misprision. Since there was no objection at the trial and no exception brought forward in the motion for a new trial, there is nothing with reference to this contended irregularity in the information that is subject to review by this court. *Taylor* v. *State,* 73 Ark. 158, 83 S. W. 922; *Clardy* v. *State,* 96 Ark. 52, 131 S. W. 46; *Williams* v. *State,* 103 Ark. 70, 146 S. W. 471; *Stevens* v. *State,* 117 Ark. 64-70, 174 S. W. 219; *McDonald* v. *State,* 160 Ark. 185, 254 S. W. 549.

It is contended by appellant that the evidence is not sufficient to sustain the verdict. The rule as to the sufficiency of the evidence in such cases has been many times announced by this court as follows:

"The rule is well settled that the evidence adduced at a trial will, on appeal, be viewed in the light most favorable to the appellee and if there is any substantial evidence to support the verdict of the jury, it will be sustained." Citing, *Slinkard* v. *State,* 193 Ark. 765, 103 S. W. 2d 50; *Walls* v. *State,* 194 Ark. 578, 109 S. W. 2d 143.

It is true that the evidence in this case is wholly circumstantial; but, bearing in mind that the evidence must be viewed in the light most favorable to the state and that a showing of substantial evidence to sustain the verdict is all that is required, after a careful review of the record, we have concluded that the evidence is sufficient. It would serve no useful purpose to set out in detail the evidence of the several witnesses. Suffice it to say that appellant was accused of having killed his wife by striking her with a blunt instrument and by running over her with an automobile, and that the deceased was found dead on the roadside about two miles from Forrest City between four and five o'clock in the morning of February 14, 1938. The condition of the body was such that it was apparent that she had been struck on the head several times with a blunt instrument and it was further apparent that she had been run over by an automobile, the imprint of the tires being on her body. One witness residing in a tent near where she was killed heard her begging for her life and immediately thereafter he heard the blows as she was struck upon the head

with the blunt instrument used in killing her. The assailant left the scene in an automobile, was gone about two minutes, came back and ran over the prostrate form of the deceased with the automobile. He then turned and left the scene again. On examination of appellant's automobile it was found that blood was on one or more of the wheels thereof. An analysis of this blood was made so that it was certain that it was human blood. It was further shown that appellant carried a policy of insurance on the life of the deceased. In this policy he was named as beneficiary. This insurance was against death by being struck by an automobile. Upon an examination of his automobile by the sheriff of the county and upon the discovery of blood on the wheels thereof, appellant was accused by the sheriff of having committed the crime. This, he denied and tried to explain that the blood might have been caused by the automobile's having struck a chicken or a dog. At that time, he also further tried to frame a defense for himself, in that he asked one George Moore to say that he had been asleep in the taxicab station on a bench behind the stove. It is seen, therefore, that he wanted the sheriff to believe that at the time the killing occurred he was in the taxicab station. This attempt to frame an alibi immediately after the killing is hardly compatible with complete innocence. It was further shown that the deceased was in the taxicab station and had left there to go home about four o'clock a. m. of the morning she was found dead on the roadside. She was found dead two miles east of Forrest City between four and five o'clock a. m. During the time from the time she had left the taxicab station until she was found dead on the highway, the appellant had been out driving his automobile on the wheels of which the human blood was found within approximately an hour after the killing. There were other circumstances indicating the guilt of appellant; but, as already stated, it would serve no useful purpose to set out in detail all the circumstances indicating guilt on the part of appellant. We hold that the evidence is sufficient to sustain the verdict of the jury.

Appellant complains that the trial court erred in its refusal to permit him to exhibit scars to the jury which he claimed had been produced by alleged whippings which he said he received at the hands of police officials in the Forrest City jail. He states that the State Rangers beat him and whipped him to make him sign a confession. Since he, at the trial, emphatically denied that he committed the crime, and since there was no attempt on the part of the state to introduce a confession alleged to have been made by appellant, it seems there could have been no prejudicial error in refusing appellant permission to exhibit evidence of his whippings to the jury. If such evidence had been introduced, we see no useful purpose it could have served in determining whether appellant was guilty of the crime alleged against him. Such evidence might have prejudiced the minds of the jurors, had it been introduced, by creating sympathy for appellant. Under the state of the record before us, we hold that no prejudicial error was committed by the trial court in refusing to permit appellant to introduce such evidence.

Appellant complains that the court erred in permitting the chief of police of Forrest City to testify at the trial that appellant had been convicted of whipping his wife. However, prior to any testimony on this point on the part of the chief of police the appellant was asked when on the witness stand if he would deny that he was arrested and convicted in the city court for beating his wife and he answered in the negative. He denied beating her; but he did not deny having been convicted of such offense. Under these circumstances, we see no prejudicial error in the testimony of the chief of police, since appellant, as a witness in his own behalf, admitted that he had been convicted of the offense of beating his wife. *Decker* v. *State,* 185 Ark. 1085, 51 S. W. 2d 521; *McGuire* v. *State,* 189 Ark. 503, 74 S. W. 2d 235.

For appellant's last objection he contends that the court should have instructed the jury as to the different degrees of homicide. The proof on the part of the state shows that if any offense at all was committed by appel-

lant it was murder in the first degree. Therefore, instructions on the charge of murder in the first degree were all that was necessary. Where all of the evidence shows that, if guilty at all, one accused of murder could only be guilty of murder in the first degree, it is wholly unnecessary to instruct upon the lesser degrees of homicide. *Simmons* v. *State,* 184 Ark. 373, 42 S. W. 2d 549; *Washington* v. *State,* 181 Ark. 1011, 28 S. W. 2d 1055; *Clark* v. *State,* 169 Ark. 717, 276 S. W. 849; *Harris* v. *State,* 170 Ark. 1073, 282 S. W. 680.

There is another reason why the court committed no error in failing to instruct the jury on the different degrees of homicide. The record discloses that appellant did not request the court to instruct the jury on the lesser degrees. He made no objection to any of the instructions that were given and did not attempt to carry forward any exception as to the instructions into the motion for a new trial.

We find no error in the record; and the judgment of the trial court, therefore, must be and is hereby affirmed.